Mitchell COPITAS, Plaintiff-Appellant,

v.

RETAIL CLERKS INTERNATIONAL ASSOCIATION; Retail Clerks Union Local 1222, an unincorporated association, in its capacity both as an employer and as a union; Bill Wall, Individually and as Secretary-Treasurer and member of Retail Clerks International Association, Defendant-Appellees.

Nos. CA 78–2528, CA 78–3046.

United States Court of Appeals, Ninth Circuit.

May 19, 1980.

Wayne L. Peterson, Platt, Tebbetts & Peterson, San Diego, Cal., argued for plaintiff-appellant; Linda E. Boelhauf, San Diego, Cal., on brief.

Douglas F. Olins, San Diego, Cal., for defendant-appellees.

Before SNEED and PREGERSON, Circuit Judges and TEMPLAR,* District Judge.

PREGERSON, Circuit Judge:

Mitchell Copitas, a union member, appeals from the district court's dismissal of his Third Amended Complaint alleging a violation of §§ 101(a)(2) and 609 of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter LMRDA, or the Act), 29 U.S.C. §§ 411(a)(2) and 529. Those sections of the Act guarantee freedom of speech and assembly to union members and prohibit unions from disciplining members who exercise those statutory rights. The complaint alleges that the Retail Clerks International Association, Retail Clerks Union Local 1222, and Bill Wall, secretary-treasurer of Local 1222, fired Copitas as Local 1222's business representative because, in the exercise of his free speech rights, he criticized their management of Local 1222. The district court dismissed the complaint as time barred. We affirm.[1]

Section 101(a)(2) of the Act, 29 U.S.C. § 411(a)(2), guarantees union members the following rights:

*Freedom of speech and assembly.*—Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided*, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

Section 609 of the Act, 29 U.S.C. § 529, sets forth the union's obligations as they relate to members' rights:

It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of [the LMRDA]. The provisions of [29 U.S.C. § 412] shall be applicable in the enforcement of this section.

Section 412 gives district courts jurisdiction over suits to enforce the rights of union members guaranteed in § 411(a)(2). The Act, however, does not provide a limitations period within which suits to enforce those

---

* The Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

1. We further find that the district court properly dismissed appellant's second claim for relief for breach of contract as a pendent state claim.

rights must be brought. The absence of such a provision prompted this appeal and requires this court to determine the limitations period governing LMRDA suits filed in California.

■ Where there is no applicable federal statute of limitations, federal courts must look to state law for an appropriate limitations period. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). Because appellant's action was filed in federal district court in California, his claim is governed by the appropriate California state statute of limitations. In determining which period of limitations to apply to an action under a particular federal statute, the court must first characterize the federal claim. *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir. 1962). Although characterization is a federal question, *Price v. Southern Pacific Transportation Co.*, 586 F.2d 750, 752 (9th Cir. 1978), federal courts will adopt the characterization state courts have adopted with respect to an analogous state law claim, unless that characterization would be unreasonable or otherwise inconsistent with national labor policy. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 706, 86 S.Ct. at 1113. *See also DeMalherbe v. International Union of Elevator Constructors*, 449 F.Supp. 1335, 1339 (N.D.Cal.1978). After the claim has been characterized, federal courts will apply the appropriate state limitations period, guided by the state's interpretation of its own statutes of limitations. *Smith v. Cremins*, 308 F.2d at 189.

Copitas urges us to characterize his § 411(a)(2) claim as contractual because, he argues, the enjoyment of membership rights is protected by the Union's Constitution and Bylaws[2] and California courts have determined that the constitution and

bylaws of both national and local unions constitute contracts between the union and its membership for which a breach of contract action may lie. *See DeMille v. American Federation of Radio Artists*, 31 Cal.2d 139, 146, 187 P.2d 769 (1947). Accordingly, Copitas urges this court to adopt the four year limitations period embodied in Cal.Civ. Proc.Code § 337 for a liability created by a written contract.

Appellees argue that the rights and obligations asserted by Copitas are not analogous to contractual claims; rather, they are more properly characterized as rights and liabilities created by statute. Therefore, appellees urge this court to apply the three year limitations period of Cal.Civ.Proc.Code § 338(1) for a "liability created by statute, other than a penalty or forfeiture." The district court applied § 338(1) when it dismissed the action as time barred.

■ We do not find appellant's claims under the LMRDA to be analogous to claims for relief based upon contract law. A given set of facts may give rise to a claim for relief under both contract law and the LMRDA, but the elements of the two are not the same. An essential element of an action under contract principles is the existence of an agreement between the parties. The existence of an agreement is not required to make out a claim under the LMRDA. In fact, the member rights and union obligations exist independently of any contractual provisions embodied in the union constitution or bylaws. The absence of a constitution or bylaws will not preclude a union member from enforcing his statutory rights. Nor does the lack of a constitution permit a union to ignore its statutory obligation to refrain from interfering with a member's exercise of his LMRDA rights.

---

2. Article I, section 3 of the Union's Bylaws states:

The Local Union shall not discriminate against any person because of race, color or creed, and all active members shall enjoy equal rights under these bylaws.

Section 6(a) of the Union's Constitution states: Active members shall, while they remain in good standing (i. e., not more than two calen-

dar months in arrears for dues and not under sentence of suspension or expulsion under the provisions of this Constitution) in their respective Local Unions and in the International Association, enjoy all of the rights and privileges of membership, including the right to vote at all regular or special meetings, and to hold any office if otherwise qualified under Local Union bylaws and this Constitution.

The district court correctly declined to characterize as contractual appellant's claims under the LMRDA.

■ On the other hand, the district court's characterization of appellant's claim as a liability created by statute subject to the limitations period of § 338(1) is consistent with this court's characterization of similar federal claims filed in federal court in California. In *Price v. Southern Pacific Transportation Co.*, 586 F.2d at 753, we characterized as statutory the union's duty of fair representation, a duty that exists independently of a union's constitution or bylaws. Similarly, in *Smith v. Cremins*, 308 F.2d at 189–90, we characterized as statutory a claim for relief under 42 U.S.C. § 1983, a federal statute that creates rights and obligations different from any existing at common law yet analogous to certain state law torts. *See also International Union of Operating Engineers v. Fischbach and Moore, Inc.*, 350 F.2d 936, 939 (9th Cir.1965), *cert. denied*, 384 U.S. 904, 86 S.Ct. 1336, 16 L.Ed.2d 358 (1966) (claim under § 303 of the Labor Management Relations Act, 29 U.S.C. § 187, for damages arising out of alleged unfair labor practices). Consistent with our holdings in these cases, we characterize Copitas's claim for relief as one arising from a federal statute.

As stated above, the district court dismissed the action under Cal.Civ.Proc.Code § 338(1) as time barred. In determining which limitations period to apply—the three year period of § 338(1) or the four year period of § 337—we must accept California's interpretation of its own statutes of limitations. *Smith v. Cremins*, 308 F.2d at 189. The California Supreme Court has interpreted the term "liability created by statute" as a liability in which "no element of agreement enters [and one] which the law creates in the absence of an agreement." *Gardner v. Basich Brothers Construction Co.*, 44 Cal.2d 191, 194, 281 P.2d 521, 522 (1955). *See also Rossiter v. Benoit*, 88 Cal.App.3d 706, 717, 152 Cal.Rptr. 65 (1979). Since the rights and obligations embodied in §§ 411(a)(2) and 529 of the LMRDA exist independently of any contractual liability, Copitas's claim falls squarely within the scope of § 338(1), as that statute has been interpreted by the California courts.

On a final note, adoption of the three year limitations period of § 338(1) is consistent with national labor policy. As the Supreme Court noted in *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 706–07, 86 S.Ct. at 1113–14, the six month limitations period of 29 U.S.C. § 160(b), within which unfair labor practice charges must be brought, suggests that relatively rapid disposition of labor disputes is a goal of federal labor law. Adoption here of the shorter limitations period for the resolution of these intra-union disputes in some measure furthers that goal.

The district court's adoption of Cal.Civ. Proc.Code § 338(1) as the relevant three year statute of limitations applicable to suits in federal court in California to enforce rights and obligations created by the LMRDA is AFFIRMED.