**Willie H. HARRIS, Ernestine Harris, Plaintiffs-Appellants,**

**v.**

**POLSKIE LINIE LOTNICZE, aka Lot Polish Airlines, a Corporation, Defendant-Appellee.**

No. 86–2323.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1987.

Decided June 22, 1987.

David S. Sabih, Pacific Grove, Cal., for plaintiffs-appellants.

Desmond T. Barry, Los Angeles, Cal., for defendant-appellee.

Before SNEED, ALARCON and CANBY, Circuit Judges.

SNEED, Circuit Judge:

Appellants challenge the amount of damages the district court awarded them as compensation for their son's death in an airplane crash. The district court in fixing the compensation applied Polish law. Appellants argue that it ought to have applied California law. They further assert that the damages awarded were inadequate under either Polish or California law. We affirm.

## I.

### FACTS AND PROCEEDINGS BELOW

An Ilyushin 62 airplane owned and operated by the appellee, Polskie Linie Lotnicze (LOT), crashed near Warsaw, Poland on March 14, 1980. All of the passengers died in the crash. Appellants, Willie and Ernestine Harris (the Harrises), are the parents of one passenger, Walter Harris. LOT is wholly owned by the government of Poland.

The Harrises filed a wrongful death action against LOT in the United States District for the Northern District of California. The Judicial Panel on Multidistrict Litigation transferred the action to the United States District Court for the Eastern District of New York for coordinated and consolidated pre-trial proceedings. That court held that the Warsaw Convention and Montreal Agreement applied. *In re Air Crash Disaster, on Mar. 14, 1980*, 535 F.Supp. 833, 835 (E.D.N.Y.1982), *aff'd*, 705 F.2d 85 (2d Cir.), *cert. denied*, 464 U.S. 845, 104 S.Ct. 147, 78 L.Ed.2d 138 (1983). It also held that the Montreal Agreement's $75,000 limit on liability did not apply because LOT issued tickets describing the limitation in too small a typeface. *Id.* at 835–39. The court remanded this case to the Northern District of California for trial solely to determine the amount of damages.

The district court for the Northern District of California concluded that Polish law governed the calculation of damages. *Harris v. Polskie Linie Lotnicze*, 641 F.Supp. 94, 99 (N.D.Cal.1986). Accordingly, it awarded Ernestine Harris $72,600 in lost support and $2799.78 in funeral expenses. It awarded nothing to Willie Harris. Excerpt of Record (E.R.), Tab 88, Judgment. The district court found that if California's damages law applied, Ernestine would receive an additional $10,000 for loss of love and affection of her son, which is not compensable under Poland's law. Willie, however, still would get nothing. *Id.* tab 88, Findings of Fact and Conclusions of Law, at 4. The Harrises filed a timely appeal.

## II.

### STANDARD OF REVIEW

We review de novo the district court's choice of law. *Pereira v. Utah Transp., Inc.*, 764 F.2d 686, 689 (9th Cir.1985), *cert. dismissed*, — U.S. —, 106 S.Ct. 1253, 89 L.Ed.2d 362 (1986). The calculation of damages is a finding of fact that we review for clear error. *United States ex rel. Morgan & Son Earth Moving, Inc. v. Timberland Paving & Constr. Co.*, 745 F.2d 595, 599 (9th Cir.1984).

## III.

### CHOICE OF LAW

A. *The Applicable Federal Statutes.*

This case arises under the Warsaw Convention, Oct. 12, 1929, 49 Stat. 3000, 3014,

*reprinted at* 49 U.S.C. § 1502 app., and the Federal Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330, 1602–1611. Under Article 28(1) of the Convention, 49 Stat. at 3007, 3020, a suit by the Harrises for damages lies in a United States court because the United States was Walter's destination under the terms of his round-trip ticket. *See In re Alleged Food Poisoning Incident, Mar., 1984,* 770 F.2d 3, 7 (2d Cir.1985). It is the Warsaw Convention that gives United States courts jurisdiction in this case vis-a-vis the courts of other countries. However, only the FSIA gives the federal district court jurisdiction vis-a-vis other United States courts.[1] *See* S. Speiser & C. Krause, *Aviation Tort Law* § 11:39 (Supp.1986) (distinguishing jurisdiction in an international sense from jurisdiction in a domestic sense). The FSIA provides that LOT is not immune from suit in this case. 28 U.S.C. §§ 1603, 1605(a)(2). Therefore the district court had jurisdiction under 28 U.S.C. § 1330(a).

Turning to the fixing of damages, we confront the Warsaw Convention, which does not precisely describe how to calculate damages in a wrongful death case. Article 24(2) provides in part that conditions and limits of the Convention shall apply to a suit for wrongful death, "without prejudice to the questions as to who are the persons who have the right to bring this suit and what are their respective rights." 49 Stat. at 3006, 3020. Evidently damages are to be measured according to the internal law of a party to the Convention. *Mertens v. Flying Tiger Line,* 341 F.2d 851, 858 (2d Cir.), *cert. denied,* 382 U.S. 816, 86 S.Ct. 38, 15 L.Ed.2d 64 (1965). The Convention, however, does not specify which party's internal law is the proper law. P. Martin, J.D. McClean & E. de Montaur

Martin, *Shawcross and Beaumont Air Law* ¶ VII(71) (4th ed. 25th issue 1987).

This problem is easily resolved in the routine Warsaw Convention case, in which a federal court has diversity jurisdiction. *See, e.g., Stud v. Trans Int'l Airlines,* 727 F.2d 880, 881 (9th Cir.1984). For many years it has been the rule that a federal court sitting in diversity applies the conflict-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *In re Aircrash on Apr. 22, 1974,* 684 F.2d 1301, 1307 (9th Cir.1982) (applying California's choice-of-law rules in a Warsaw Convention case; diversity jurisdiction). This rule cannot be invoked here because ever since the FSIA was enacted, federal courts no longer have diversity jurisdiction over foreign states as defendants.[2] *See Ruggiero v. Compania Peruana de Vapores,* 639 F.2d 872, 873–78 (2d Cir.1981). The FSIA is the exclusive source of federal jurisdiction over foreign states and thus over LOT. *See McKeel v. Islamic Republic of Iran,* 722 F.2d 582, 586–87 (9th Cir.1983), *cert. denied,* 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984).

### B. *The Federal Tort Claims Act Analogy.*

Although *Klaxon Co.* is not applicable to this case, the FSIA may provide a solution. Indeed, the district court found "an implicit choice-of-law rule" in one section of the FSIA, 28 U.S.C. § 1606. 641 F.Supp. at 97. That section, in providing a special rule for cases in which death is caused, states that if "the law of the place where the action or omission occurred" provides only for punitive damages, then the FSIA imposes actual or compensatory pecuniary damages in addition. From this the district court drew the inference that Congress expected the

1. The Harrises argue that the Warsaw Convention preempts the FSIA. That is impossible. The Warsaw Convention and the FSIA apply concurrently, and both are necessary to give the district court jurisdiction in this case. The Harrises quote *Gayda v. LOT Polish Airlines,* 702 F.2d 424, 425 (2d Cir.1983), which held that the FSIA did not override the jurisdictional limitations of Article 28(1) of the Convention. *Gayda* is entirely consistent with our conclusion that both the Convention and the FSIA apply to a

case in which a foreign instrumentality is a defendant.

2. Federal courts continue to have diversity jurisdiction over entities owned by a foreign state if they are also citizens of a state of the United States. 28 U.S.C. §§ 1603(a), (b)(2); 1332(c), (d). There is no suggestion that LOT is a citizen of any state of the United States.

law of the place where the "action or omission" occurred to govern all FSIA cases. It referred to similar language in the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, and observed that courts choose law under the FTCA by applying the whole law, including the choice of law rules, of the place where the action or omission occurred. *See Richards v. United States*, 369 U.S. 1, 9, 11, 82 S.Ct. 585, 590, 591, 7 L.Ed.2d 492 (1962). The district court then reasoned by analogy that the conflicts law of the place where the "action or omission" occurred should determine the choice of law in this case.

The analogy is weak, however. The FTCA contains an explicit choice of law provision; there is no such provision in the FSIA. The FTCA provision specifies that the United States is liable in cases in which a private person "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). By contrast, the FSIA, 28 U.S.C. § 1606, and the first paragraph of 28 U.S.C. § 2674 of the FTCA, provide only that a foreign state or the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances." Omitted is the crucial language, "in accordance with the law of the place where the act or omission occurred." Both sections use similar language in the proviso addressed to cases in which the applicable law provides only for punitive damages. But, as the Harrises point out, that proviso does not apply to this case. The upshot is that the FSIA lacks a section corresponding to FTCA § 1346(b). This weakens the district court's decision to apply the FTCA's choice-of-law rules in this FSIA case.

Our reluctance to take this course is increased by the difficulty of applying "the law of the place where the act or omission occurred" rule in this case. The place where the act or omission occurred means the place where the negligence occurred, not the place where the negligence had its effect. *Richards*, 369 U.S. at 9–10, 82 S.Ct. at 590–91; *see O'Rourke v. Eastern Air Lines*, 730 F.2d 842, 846–47 & n. 5 (2d Cir.1984) (negligence of federal air traf-

fic controllers in New York means that New York's conflict-of-law rules apply to the United States as a defendant). Although it is clear that the airplane crashed in Poland, it is not clear where the negligence occurred. Because Article 17 of the Warsaw Convention makes the carrier liable without regard to negligence, 49 Stat. at 3005, 3018, the record in this case contains no factual findings on the negligence issue. The district court sidestepped this issue by deciding to regard the crash itself as the act or omission giving rise to liability under the FSIA in a Warsaw Convention case. 641 F.Supp. at 98–99. This permitted the district court to apply Poland's choice-of-law rule.

We do not disagree with the district court's choice; we simply are not persuaded that the FSIA requires a court to choose as did the district court. Moreover, the FTCA's rule, to choose the law of the place where the act or omission occurred, cannot be applied here. Only by fixing the place of the wrong, which is impossible on the basis of the record before us, could it be applied properly.

### C. *Federal Common Law.*

In the absence of specific statutory guidance, we prefer to resort to the federal common law for a choice-of-law rule. This avenue is not closed to us. "The use of federal common law in specialized areas where jurisdiction is not based on diversity has been sanctioned by the Supreme Court since the day *Erie* was decided...." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 795 (2d Cir.1980) (resorting to federal common law choice-of-law rules in a federal question case), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981).

The Restatement (Second) of Conflict of Laws (1969) [hereinafter Restatement] is a source of general choice-of-law principles and an appropriate starting point for applying federal common law in this area. *See Commercial Ins. Co. v. Pacific-Peru Constr. Corp.*, 558 F.2d 948, 952 (9th Cir. 1977). Section 175 creates a presumption that the law of the place where the injury

occurred applies.[3] *See In re Air Crash Disaster on May 25, 1979,* 644 F.2d 594, 611 (7th Cir.), *cert. denied,* 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981). This is Poland, and its law governs unless California has a more significant relationship to the crash and to the parties.

■ The factors listed in § 6 of the Restatement[4] make clear that Poland's relationship to this action is at least as significant as California's. Choosing Poland's damages law facilitates the working of the international system because Poland would apply the same law under its choice-of-law rule, *lex loci delicti. See id.* § 6 comment d; *Harris,* 641 F.Supp. at 99. California and Poland have offsetting interests in the parties to the action: Ernestine and Walter were domiciled in California when Walter was killed, and LOT is an instrumentality of the Polish government. As for the remaining pertinent factors, the comments to the Restatement recognize that applying the law of the state where the injury occurred "furthers the choice-of-law values of certainty, predictability and uniformity of result and, since the state where the injury occurred will usually be readily ascertainable, of ease in the determination and application of the applicable law." Restatement § 175 comment d. Therefore we apply Polish damages law to this case.[5]

## IV.

## CALCULATING DAMAGES UNDER POLISH LAW

The Harrises evidently accept the description of Polish law provided by LOT's expert, Mark W. Scher. *See* Appellant's Opening Brief at 30–32. Under Polish law, a survivor may recover funeral expenses. E.R. tab 47, exh. "A" at 3. The district court awarded Ernestine $2799.78 on this basis. The parties do not dispute the award. Under Polish law, survivors may also recover their pecuniary loss or "renta." "Renta" is "the amount of lost financial support that the survivor suffered as a

---

3. The text of § 175 is:

   In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied. As used in the Restatement, "'state' denotes a territorial unit with a distinct general body of law." Restatement § 3. Both California and Poland are states in this sense.

4. The text of § 6(2) is:

   When there is no [state statutory directive on choice of law], the factors relevant to the choice of the applicable rule of law include
   (a) the needs of the interstate and international systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   (d) the protection of justified expectations,
   (e) the basic policies underlying the particular field of law,
   (f) certainty, predictability and uniformity of result, and
   (g) ease in the determination and application of the law to be applied.

5. One consequence of our choice-of-law analysis is to treat LOT differently than a privately owned airline in an identical case. The FSIA would not apply to a privately owned airline. Instead, a federal court would have diversity jurisdiction. In this case, the district court would have applied California's choice-of-law rules. California uses a governmental interest analysis. *Hurtado v. Superior Court,* 11 Cal.3d 574, 579–80, 114 Cal.Rptr. 106, 109, 522 P.2d 666, 669 (1974) (en banc), which is not the same as the Restatement rule.

   However, we do not believe that treating government-owned airlines differently from privately owned airlines will seriously compromise the uniformity at which the Warsaw Convention aims. Uniformity is already inherent in the presumption of airline liability in Article 17, 49 Stat. 3005, 3018, and in the $75,000 liability limit that applies in most cases. CAB Order No. E–23680, 31 Fed.Reg. 7302 (1966) (approving Agreement CAB 18900), *reprinted at* 49 U.S.C. § 1502 app. Although treating LOT like a privately owned airline would eliminate potential disparity between California passengers who fly on private airlines and California passengers who fly on LOT, it would create another disparity between California passengers who fly on LOT and, say, New York passengers who fly on LOT. Under our holding, federal conflicts law would govern both cases, not the conflicts laws of the forum states. Finally, we do not find Poland's damages law inherently objectionable. As the district court noted, it is in theory quite similar to its California counterpart. 641 F.Supp. at 99 n. 4.

consequence of the death, as evidenced by past support and the survivor's reasonable expectation that this financial support would have continued had the decedent lived." *Id.* The district court awarded Ernestine $72,600 on this basis. It reasoned that she should be compensated at the rate of $200 per month from the time of Walter's death to the end of her expected life.

■ The Harrises claim that the district court did not calculate "renta" properly because it failed to consider all the relevant factors, such as the decedent's likely future earnings. We find that the district court developed an adequate evidentiary basis for its award. Ernestine testified that Walter lived with her and gave her $200–$300 per month from his earnings as an automotive mechanic. This testimony was neither corroborated nor refuted. The district court assumed that, had Walter lived, he would have continued to support Ernestine with payments of $200 per month. This assumption is not clearly erroneous. There were indications that Walter's income might have increased, and that he might have given more to his mother as a consequence. But these prospects were speculative. The district court did not err in leaving them out of its calculations. *See Shatkin v. McDonnell Douglas Corp.,* 727 F.2d 202, 207–08 (2d Cir.1984).

■ The Harrises dispute the district court's decision to award nothing to Willie. The district court found that Willie had been living in Chicago for the past thirty years. Walter had seen Willie only once during this time, when Walter made a trip to Chicago. The district court did not err in concluding that Willie lost no financial support as a consequence of Walter's death. Willie therefore receives no award under Polish law.

■ Polish law permits a court to make an additional award to close relatives of a decedent if their living conditions deteriorate substantially as a result of his death. E.R. tab 47, exh. "A" at 3–4. The Harrises presented little evidence of deteriorated living conditions. The district court did not err in exercising its discretion to make no additional award for this reason.

## V.

## SANCTIONS

LOT maintains that the Harrises' appeal of the damages award was frivolous. Therefore LOT asks for sanctions under Fed.R.App.P. 38. At oral argument, LOT also identified alleged misrepresentations in the Harrises' brief. LOT asks for sanctions under 28 U.S.C. § 1927 for this reason. We deny LOT's requests.

■ The Harrises raised substantial issues regarding the district court's choice of Polish law. Its arguments concerning the calculation of damages under Polish law were less weighty. But Fed.R.App.P. 38 authorizes sanctions for a frivolous "appeal," not for a frivolous argument. The result in this case was not obvious, nor were the arguments of error wholly without merit. *See DeWitt v. Western Pac. R.R.,* 719 F.2d 1448, 1451 (9th Cir.1983). Sanctions are not appropriate.

■ If an attorney "unreasonably and vexatiously" multiplies proceedings in a case, this court may require him personally to pay excess costs, expenses, and attorneys' fees under 28 U.S.C. § 1927. It appears that David S. Sabih, attorney for the Harrises, alleged that "testimony" supported statements in his briefs when in fact, the record contained only "narrative statements" of testimony that he thought he could procure. We deplore this inaccuracy. It is unworthy of a careful attorney. However, we are not persuaded that it constitutes recklessness or bad faith. Therefore we will not impose sanctions. *See Estate of Blas Through Chargualaf v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986); *United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir.1983).

AFFIRMED.