**UNION OF FLIGHT ATTENDANTS, LOCAL NO. 1, Plaintiff,**

v.

**AIR MICRONESIA, INC., Defendant.**

**Civ. No. 85–0125.**

United States District Court, D. Hawaii.

April 5, 1988.

---

Herbert Takahashi, Honolulu, Hawaii, for plaintiff.

Richard Cys, Washington, D.C., Gary Grimmer, Carlsmith, Wichman, Case, Mukai & Ichiki, Honolulu, Hawaii, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FONG, Chief Judge.

The Court has considered the Motion of Air Micronesia, Inc. (Air Micronesia) for Partial Summary Judgment, the opposition of the Union of Flight Attendants ("UFA") thereto, the reply filed by Air Micronesia, and all relevant materials of record. For the reasons set forth below, Air Micronesia's Motion for Partial Summary Judgment is GRANTED.

## I. BACKGROUND.

Defendant Air Micronesia moves the Court to grant summary judgment in its favor on the grounds that virtually all of the claims that plaintiff UFA sets forth in paragraphs 11(b) and 11(c) of its complaint are barred under Hawaii's one year statute of limitations, Haw.Rev.Stat. § 657–11, which limitations period Air Micronesia contends applies in this matter.

Plaintiff UFA opposes the motion, arguing alternatively: (1) defendant Air Micronesia has waived its statute of limitations defense; (2) proper choice of law analysis requires the Court to apply the Guamanian three-year statute of limitations; (3) the Ninth Circuit has declared that Haw.Rev.Stat. § 657–11 does not apply to federal statutes such as the Railroad Labor Act that preceded the enactment of the Hawaii statute; (4) this Court has declared Haw.Rev.Stat. § 657–11 unconstitutional as applied to federal causes of action; and (5) the Court must not retroactively apply a shorter statute of limitations to bar a suit that was timely when filed.

Defendant Air Micronesia's present motion forces the Court to determine issues on which it reserved determination when it considered defendant's earlier Motion for Partial Summary Judgment. *See* Order Denying Defendant's Motion for Partial Summary Judgment and Denying Plaintiff's Cross–Motion for Sanctions, dated August 13, 1987. The defendant argued in its earlier motion for partial summary judgment that the applicable period of limitations was six months, which would have barred the claims plaintiff UFA set forth in paragraphs 11(b) and 11(c) of its complaint. The defendant cited *International Assoc. of Machinists and Aerospace Workers, AFL–CIO v. Aloha Airlines, Inc.,* 790 F.2d 727 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986) as support, which in turn relied on *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). This Court ruled that it would not retroactively apply the six month statute of

limitations period specified in *Aloha Airlines* for RLA actions.

In its Order the Court reserved two issues, as the following excerpt makes clear:

> In its moving papers, defendant argues only that the *Aloha* decision bars plaintiff's claims in paragraphs 11(b) and (c) of its complaint. Having found otherwise, this court will DENY defendant's motion. In its opposition memorandum, plaintiff argues that the court should apply the Guam three-year statute of limitations to the instant case. Defendant does not discuss in any of its pleadings the statute of limitations that should be used in [the] event that the six-month statute of limitations is not applied retroactively. Since this issue was raised only in plaintiff's opposition memorandum, the parties have not had a full opportunity to brief it. The parties need to make a record of this issue before the court can decide it. Therefore, the court reserves this issue to be decided, if necessary, after the parties have had an [sic] chance to fully consider and argue the issue.
>
> Plaintiff also raises the issue of defendant's waiver of the right to raise the affirmative defense of the statute of limitations, because it failed to plead the statute of limitations as an affirmative defense. Since the court decided defendant's motion for partial summary judgment on other grounds, it need not reach this issue at the present time. Accordingly, the court declines to address this issue currently.

Order at 7–8.

Defendant Air Micronesia's present motion requires the Court to determine at least the first of these reserved issues. Namely, the Court must determine which statute of limitations applies in this matter: the Guam three-year statute of limitations as the plaintiff contends or the Hawaii one-year statute as the defendant contends.[1]

## II. DISCUSSION.

### A. Rule 56 Standards.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

For purposes of this motion, there are no material facts in dispute. The motion and opposing papers concern the statute of limitations the Court should apply, a strictly legal question. Accordingly, the Court may decide the motion for partial summary judgment as a matter of law.

### B. Arguments of the Parties.

Both parties agree that the Railway Labor Act ("RLA") does not provide its own statute of limitations period. *See Aloha Airlines*, 790 F.2d at 733. The parties present different lines of cases, however, to support apparently anomalous propositions concerning the statute of limitations the Court should apply.

Defendant argues that under federal choice of law rules:

> "When Congress creates a right but fails to provide a limitations period, the appropriate statute of limitations of the forum state is applied." *Trotter v. International Longshoremen's and Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 n. 2 (9th Cir.1983); *See also Copitas v. Retail Clerks Int'l Ass'n*, 618 F.2d 1370, 1372 (9th Cir.1980); *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir.1981); *Forrestal Village, Inc. v. Graham*, 551 F.2d 411, 413 (D.C.Cir.1977); *Retail Clerks Union Local 648 v. Hub Pharmacy*,

---

1. A determination of the second issue, the waiver of the affirmative defense, would be required only if the Court determines that the Hawaii one-year statute applies. If the Guam three-year statute applies, then there is no prejudice to the plaintiff to support its waiver argument. Therefore, the second issue, and other issues the plaintiff raises, need be discussed only if the Court determines that the Guam three-year statute does not apply, which is the plaintiff's principal argument.

*Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983) (rule applied to choice of applicable statute of limitations in action arising under section 301 of the Labor Management Relations Act); *Champion Int'l Corp. v. United Paperworkers Int'l Union*, 779 F.2d 328, 333–34 (6th Cir.1985) (holding that statute of limitations governing the most closely analogous state substantive claim controls rather than the forum state's borrowing statute).

Defendant's Memorandum at 9–10.

Defendant then argues that the Hawaii one year statute of limitations found in Haw. Rev.Stat. § 657–11 applies, which is discussed in detail below.

Plaintiff UFA argues a different line of cases:

> The Ninth Circuit's courts on several occasions have applied the rule that "the relevant statute of limitations for federally created causes of action which do not provide their own filing periods *is that of the state most connected with the action.*" (Emphasis added.) *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1521 n. 2 (9th Cir.1987), citing *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981). *See also Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788, 791 (9th Cir.1982); *Guzman v. Van Demark*, 651 F.Supp. 1180, 1186 (C.D.Cal. 1987).

Plaintiff's Memorandum at 10–11.

Thus the lines of cases the defendant and plaintiff cite, both from the Ninth Circuit wholly or primarily, present an apparent anomaly. The defendant's lines of cases suggest that the Court apply the appropriate statute of limitations of the forum state, which would be Hawaii. The plaintiff's line of cases suggest that this Court apply the statute of limitations of the state most connected with the action, which it argues would be Guam.[2] To solve this apparent anomaly, the Court must examine carefully the cases the parties cite to the Court.

The first case the defendant cites is *Trotter v. International Longshoremen's and Warehousemen's Union, Local 13*, 704 F.2d 1141 (9th Cir.1983). In *Trotter*, a union member brought an action against his union to challenge the validity of a medical assessment. The district court held the action was time barred. The Ninth Circuit affirmed, holding that the suit was barred by the California three-year statute of limitations. *Trotter* engaged in no choice of law analysis. It cited only *Venegas v. Wagner*, 704 F.2d 1144 (9th Cir.1983), for the general proposition that when Congress creates a right but fails to provide a limitations period, the appropriate statute of limitations of the forum state is applied. *Trotter*, 704 F.2d at 1143 n. 2. Apparently, the parties in *Trotter* did not contest that California would supply whatever statute was appropriate. In *Vanegas*, the Ninth Circuit reversed a district court's decision that Vanegas's civil rights claim was barred by the statute of limitations. Again, there was no choice of law analysis; the parties agreed that the applicable statute of limitations was the three-year period provided by a California statute. 704 F.2d at 1145.

The second case defendant cites to the Court as support is *Copitas v. Retail Clerks Int'l Ass'n*, 618 F.2d 1370, 1372 (9th Cir.1980). In *Copitas*, a union member brought an action against his union alleging a violation of the Labor Management Reporting and Disclosure Act of 1959. The district court dismissed the complaint as time barred. The Ninth Circuit affirmed, holding that the appropriate California statute of limitations barred the action. The Ninth Circuit stated: "Where there is no applicable federal statute of limitations, federal courts must look to state law for an appropriate limitations periods." 618 F.2d at 1372. The Ninth Circuit did not engage in any choice of law analysis. Again, there apparently was no disagreement as to which state would apply the statutory period, i.e., California.

---

**2.** The parties dispute which state is most connected to the litigation. This issue is addressed in the choice of law discussion below.

The third case the defendant cites to the Court is *Vigman v. Community Nat'l Bank & Trust*, 635 F.2d 455 (5th Cir.1981). In *Vigman*, borrowers brought action against bank and securities brokerage firm for damages under provisions of federal securities laws. The Fifth Circuit stated: "When federal law contains no limitations period applicable to a particular cause of action, federal courts are to apply the forum state's limitations period applicable to a particular cause of action that bears the closest resemblance to the federal cause of action." *Id.* at 455 (citations omitted). The Fifth Circuit then held that the actions were barred under either of two possibly applicable Florida statutes. There was no choice of law analysis in the opinion. Again, there is no indication in the opinion of any disagreement that Florida would supply whatever statute of limitations would apply.

The fourth case the defendant cites to the Court is *Forrestal Village, Inc. v. Graham*, 551 F.2d 411 (D.C.Cir.1977). In *Graham*, buyers of securities brought suit framed as a class and derivative action, charging violations of securities laws, common law fraud, breach of fiduciary duty, and waste of assets. The district court granted summary judgment on the federal law claim and dismissed the state law claims. The D.C. Circuit held that the D.C. statute of limitations contained in its blue sky laws applied, and it affirmed the district court. The D.C. Circuit stated: "It is well established that when, as here, Congress has created a federal right but has not prescribed a limitation period for enforcement, federal courts will borrow the period of limitation prescribed by the state where the court sits." *Id.* at 413 (citations omitted). There was no choice of law issue discussed, nor was there any apparent disagreement that D.C. law would provide the applicable statutory period.

The fifth and final decision that the defendant cites as support is *Champion Int'l Corp. v. United Paperworkers Int'l*, 779 F.2d 328 (6th Cir.1985). In *Champion Int'l*, an employer sued to vacate a labor arbitration award. The district court modified the award and the union appealed.

The union argued that the district court failed to apply the forum state's borrowing statute regarding the statute of limitations, citing *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). In *Cope*, the Supreme Court adopted the forum state's borrowing statute to determine the limitations period under the National Bank Act, 12 U.S.C. §§ 63–64. The Court thereupon applied the limitations period of the state in which the claim arose rather than the limitations period of the forum state.

The Sixth Circuit in *Champion Int'l* reasoned that *Cope* did not require the adoption of state borrowing statutes for all claims brought under federal statutes lacking an express limitations period. 779 F.2d at 332. The Sixth Circuit cited *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) to argue that the Supreme Court has not interpreted *Cope* broadly. In *Hoosier Cardinal*, the Supreme Court expressly reserved the issue of whether federal courts should apply state choice of law rules when determining the appropriate limitations periods brought under Labor Management Relations Act § 301, 29 U.S.C. § 185. The Sixth Circuit concluded that *Cope* did not direct a federal court in a section 301 suit to adopt the forum state's borrowing statute to discern the proper statute of limitations. The Court stated: "Federal law, rather than a state borrowing statute, should likewise govern the choice between the forum state's statute of limitations and that of another state in a Section 301 case." 779 F.2d at 333. It continued: "Applying the appropriate federal choice of law rule, we conclude that the forum state's statute of limitations governing the most closely analogous state substantive claim controls, unless a party can demonstrate that the adoption of the forum state's limitation period will substantially undermine federal labor policy or cause the parties undue hardship." *Id.* at 334.

The Court now may address the line of cases the plaintiff cites to support its position that the statute of limitations of "the state most connected with the action" should apply. The first case the plaintiff

cites is *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517 (9th Cir.1987). As far as providing case authority for the plaintiff's position, this opinion does little more than reiterate the Ninth Circuit's position pronounced in *Ward v. Caulk*, 650 F.2d 1144 (9th Cir.1981): "the 'relevant statute of limitations for federally created causes of actions which do not provide their own filing periods is that of the state most connected with the action.'" *Sierra Club*, 834 F.2d at 1521 n. 2 (quoting *Ward*, 650 F.2d at 1147).

*Ward* itself only states this proposition, without analysis, citing *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir.1962). In *Cremins*, the Ninth Circuit stated: "Since the Civil Rights Act contains no provision within which an action may be brought under Section 1983, the applicable period of limitation is that provided by the statutes of California—the State in which the present action arose and the District Court was located." 308 F.2d at 189. *Cremins*, in turn, cited an earlier Ninth Circuit case, *id.* at 189 n. 9, *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir.1959). In *Hoffman*, the Ninth Circuit likewise stated: "In a civil rights case the applicable statute of limitations is that of the state wherein the action arose and the district court is located. [citations omitted] This is the general rule in other types of actions, *Cope v. Anderson*, 1947, 331 U.S. 461, 463 [67 S.Ct. 1340, 1341, 91 L.Ed. 1602]...." *Hoffman*, 268 F.2d at 305.[3]

The second case the plaintiff cites as support is *Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788 (9th Cir.1982). In *Chung*, the Ninth Circuit stated:

No federal statute prescribes a limitation period for § 1981 claims. When Congress is silent, courts borrow the limitation period set by the state most connected with the federal claim for the most similar state cause of action. For Chung's § 1981 claims, which arose in California, this formula produces a three-year period. *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981).

*Chung*, 667 F.2d at 791.

Again, the Ninth Circuit indicated that an important factor in determining which state was most connected with the federal claim, and therefore should supply the statutory period, was the state wherein the claim arose. This attitude echoes that of *Cremins* and *Hoffman* and more generally *Cope*.

The third case the plaintiff cites as support is *Guzman v. Van Demark*, 651 F.Supp. 1180 (C.D.Cal.1987). The district court in *Guzman* reiterated the proposition of *Chung:* "Section 1983 does not specify its own limitations period; therefore, federal courts must adopt the appropriate state statute of limitations using the law of the state most connected to the litigation." *Guzman*, 651 F.Supp. at 1186 (citing *Chung* ).

■ The above discussion sets out the positions of the two parties, but does not provide any resolution of the apparent anomaly between them. To resolve the apparent anomaly, the Court may consider the following as the inquiry a federal court should use to decide which state's statute to apply. After determining that the relevant federal statute does not provide for its own limitations period,[4] the court should (1) apply the limitations statute most analogous to the federal cause of action of the forum state, unless (2) there is another state most connected to the litigation, in which case it applies the latter state's limitations statute.

This two step inquiry can explain the apparent anomaly between the two lines of cases cited by the parties. In the line of

---

**3.** *Cremins* (1962) and *Hoffman* (1959) postdated *Cope* (1946) but predated *Hoosier Cardinal* (1966), which apparently limits a broad reading of *Cope*, as discussed by the Sixth Circuit in *Champion Int'l.* Nevertheless, the Ninth Circuit in recent cases continues to consider factors consistent with the attitude pronounced in *Cope*. *See, e.g., Archer* and *Price, infra.* The Supreme Court stated in *Cope:* "Moreover, limitations on

federally created rights to sue have similarly been considered to be governed by the limitations law of the state where the crucial combination of events transpired." 331 U.S. at 466, 67 S.Ct. at 1343 (citations omitted).

**4.** *Cf. Sierra Club*, 834 F.2d at 1521 & n. 2.

cases the defendant cites, the two steps of the inquiry are merged, because the forum state *is* the state most connected with the litigation. This will most often be the case in federal question cases, and it is quite natural for the courts to state the law in the rather shorthanded fashion they did. Nevertheless, there are instances where the forum state will not be the state most connected with the litigation. In those instances a federal court should not merge the middle two determinations of the process.

Approaching the two apparently anomalous lines of cases in light of this inquiry, then, the Court can reconcile them. The defendant's line of cases apparently merged the two steps of the inquiry. The plaintiff's line of cases apparently kept the steps separate. Thus, the Court can see that while the Ninth Circuit does engage in a certain form of choice of law analysis, most of the time this analysis is superfluous. The results of the two steps are coalesced into a single statement that the law of the forum state—which is also most connected—should supply the applicable limitations period.

Several Ninth Circuit decisions substantiate the position the above outlined inquiry is consistent with Ninth Circuit law. In *Archer v. Airline Pilots Ass'n*, 609 F.2d 934, 937 (9th Cir.1979), *cert. denied*, 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980), for instance, the Ninth Circuit stated:[5]

"We address ourselves first to the statute of limitations question. Archer is a resident of California; all of the relevant events occurred in California; and California is the forum state. Therefore, the applicable statute of limitations is [from California]."

*Id.* at 937 (citing *Price v. Southern Pacific Trans. Co.*, 586 F.2d 750, 752–53 (9th Cir. 1978)).

In *Price*,[6] cited in *Archer*, the Ninth Circuit similarly stated:

Next we must select the "appropriate" state statute of limitations for a cause of action asserting the breach of duty so characterized. This selection is based on a federal choice of law. Little choice in fact is required in selecting the state from which the proper statute will be designated. Only California has a claim. Price resided in California, his place of employment was San Francisco, and all the pertinent events occurred within the San Francisco Bay Area. The choice of the proper California statute of limitations is more difficult.

586 F.2d at 753.

Consider also *Hafer v. Air Line Pilots Ass'n*, 525 F.Supp. 874 (D.Hawaii 1981), *affirmed*, 698 F.2d 1230 (1983).[7] In *Hafer*, Judge Heen dismissed the plaintiffs pilots' attempt to have the Court apply a Georgia statute of limitations instead of the appropriate Hawaiian statute. Judge Heen engaged in a choice of law analysis of the type outlined in the process above, wherein he noted that the subject of the complaint arose out of the relationship among defendants Hawaiian Air and ALPA regarding the operation of Hawaiian Air in Hawaii and a successful attempt by defendant ALPA to insure that all of the employees of Hawaiian Air were covered by a collective bargaining agreement in which ALPA operated as the collective bargaining agent regardless of where they may be employed. In essence, Judge Heen determined the

---

**5.** *Archer* was a RLA case, wherein a union sued his union for alleged breach of a duty of fair representation by failing to process an insurance grievance. The Ninth Circuit had to determine whether his claims were time barred, which involved a determination concerning the appropriate state limitations periods.

**6.** *Price* was another RLA case, wherein a railroad employee sued his employer, union, and local chairman of the union for wrongful discharge, conspiracy, and breach of duty of fair

representation. Again, the Ninth Circuit had to determine the appropriate state limitations period.

**7.** *Hafer* was another RLA case, wherein airline pilots brought an action against their employer Hawaiian Air claiming that it had violated their contractual rights and that the labor organization Air Line Pilots Association, International ("ALPA") had violated its duty to represent them fully and fairly.

state most connected to the federal litigation was Hawaii, not Georgia, and Hawaii's appropriate statute would apply. *Hafer*, 525 F.Supp. at 877 n. 4 (citing *Archer*).

Furthermore, in *Hoosier Cardinal*, the Supreme Court addressed the issue of which Indiana limitations period to apply in a federal action brought under § 301 of the Labor Management Relation Act. The Court stated:

> The record indicates that Indiana is both the forum State and the State in which all operative events occurred. Neither party has suggested that the limitations period of another State is relevant. There is therefore no occasion to consider whether such a choice of law should be made in accord with the principle of *Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487 [61 S.Ct. 1020, 85 L.Ed. 1477 (1941)] or by operation of a different conflict of laws rule.

383 U.S. at 705 n. 8, 86 S.Ct. at 1113 n. 8.[8]

This quote from *Hoosier Cardinal* is significant because it suggests that the Supreme Court, like the Ninth Circuit, at least shows concern over the "state in which all the operative events occurred." While the Court in *Hoosier Cardinal* did not hold that a federal court should apply a *state's* choice of law rule to determine an appropriate limitations period, the consideration of the interests of the "state in which all the operative events occurred" suggests that some choice of law considerations are possible, if not reasonable, in this situation. In that respect, it is consistent with the positions pronounced in the Ninth Circuit opinions of *Archer, Price, Sierra Club, Ward, Chung, Cremins, Hoffman;* see also *Hafer, Van Demark.*

The plaintiff argues that the Court should apply Hawaii choice of law principles. The cases the plaintiff cites, however, are not on point.[9] As discussed above, *Hoosier Cardinal* did not decide the approach that a federal court apply a state's choice of law principles in a federal question action. This issue has not been determined.[10] *See McKenzie v. Irving Trust Co.*, 323 U.S. 365, 371 n. 2, 65 S.Ct. 405, 409 n. 2, 89 L.Ed. 305 (1945); *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 456, 62 S.Ct. 676, 679, 86 L.Ed. 956 (1942); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wechsler's The Federal Courts and the Federal System 829 (2d ed. 1973). *See Matter of Crist*, 632 F.2d 1226 (5th Cir. 1980), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2321, 68 L.Ed.2d 844 & 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981) ("When disposition of a federal question requires reference to state law, federal courts are not bound by the forum state's choice of law rules, but are free to apply the law considered relevant to the pending controversy."); *Quadrini v. Sikorsky Aircraft Div.*, 425 F.Supp. 81, 88 (D.Conn.1977), *reaffirmed*, 505 F.Supp. 1049 (D.Conn.1981) ("Whatever the supposed virtues of applying the conflicts rules of the forum state in diversity jurisdiction, when a district court is, to a considerable extent, functioning as a state court, similar considerations do not justify permitting the accident of a particular local forum to determine choice of law rules in a federal question case."); *see also* 1A J. Moore, Moore's Federal Practice ¶ 0.325, at 3412–13 (1987); Note, *Applicability of State Conflicts Rules When Issues of State Law Arise in Federal Question Cases*, 68 Harv.L.Rev. 1212, 1217 (1955) (strong argument may be advanced that *Klaxon* diversity rule of applying state conflict of law principles does not apply to federal question cases).

---

**8.** In *Klaxon,* the Supreme Court held that federal courts in diversity actions should use the forum state's choice of law rules to determine which jurisdiction's substantive laws apply. *Hoosier Cardinal* was a federal question action.

**9.** *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 724–25 (9th Cir.1986); *DeRoburt v. Gannett Co., Inc.,* 83 F.R.D. 574, 576 (D.Hawaii 1979).

**10.** This issue has been referred to by one federal court as "a hornet's nest of open questions." *Penwest Dev. Corp. v. Dow. Chem. Co.,* 667 F.Supp. 436, 441 (E.D.Mich.1987) (citing *United States v. Mitchell,* 349 F.2d 94, 101 n. 5 (5th Cir.1965) (avoiding the issue)). *Cf. Blake v. C.I.R.,* 697 F.2d 473, 477 n. 4 (2d Cir.1982) (citing *Hoosier Cardinal;* R. Weintraub, Commentary on the Conflict of Laws § 10.5C, at 572–73 (2d ed. 1980)).

■ The Court therefore does not follow Hawaii choice of law rules. Instead, it applies federal common law choice of law rules.[11] The Court relies on the Restatement (Second) Conflict of Laws (1969) ("Restatement") as a source of general choice of law principles and appropriate starting point for applying federal common law in this area. *Cf. Harris v. Polskie Linie Lotnicze,* 820 F.2d 1000, 1003 (9th Cir.1987) (relying on Restatement as source for federal common law) (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 795 (2d Cir.1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981), for the proposition that a federal court may resort to federal common law choice of law rules in federal question case). The Ninth Circuit in *Harris* cited the factors in Restatement § 6(2) as providing guidance to determine which state had the most significant relationship to the federal action. 820 F.2d at 1004.

The Court previously has interpreted how to apply the principles of Restatement § 6(2):

> The Second Restatement test combines the "state of most significant relationship" analysis of Professor Reese with Professor Currie's "interest analysis". Thus, under the Second Restatement, the applicable law depends upon (1) which state has the most contacts with the action and (2) which state has the greater public policy interest in having its law applied. *See* R.C. Cramton, D.P. Currie, H.H. Kay, Conflict of Laws 203–04, 306–07 (2d ed. 1975) [.] The number of contacts a state may have with an action is treated as one of a number of factors to be considered in its interest analysis,

rather than as a separate choice of law rule to be given effect in all cases. Such an approach is consistent with the purpose of identifying determinative interests in a choice of law problem. It permits the cataloguing of contacts between states to effect a choice of law only when a determinative interest is thus revealed. *DeRoburt v. Gannett Co., Inc.,* 83 F.R.D. 574, 579 n. 21 (D.Hawaii 1979) (King, J.).[12]

This Court must now determine whether Hawaii or Guam (1) has the most contacts with this action and (2) has the greater public policy interest in having its law applied. Plaintiff states that defendant Air Micronesia is headquartered, has its flight hub, its principal place of business, and corporate officers in Guam. It also claims that the Air Micronesia employees affected by this suit have their employment base in Guam. Conversely, defendant states that Air Micronesia maintains sales offices in Hawaii, Air Micronesia's president conducted business from his office in Hawaii, Hawaii vendors supplied all food and beverages served on Air Micronesia flights, Air Micronesia board of directors meetings were conducted annually in Hawaii, all relevant negotiations between UFA and Air Micronesia occurred in Hawaii, and UFA selected Hawaii as its forum for this action.

Regarding the first prong of the choice of law analysis, (1) most contacts with this action, neither party has shown that Guam or Hawaii is a clear winner by quantitative standards sufficient for the Court to rule dispositively.[13] The Court therefore must turn to the second prong of the choice of law analysis, (2) greater public policy interest in having its law applied. In this respect, Hawaii is a clear winner. Foremost

11. In deciding where a court should look to find conflict of law principles applicable in a federal question case, there is surprisingly little authority. *Pfeiffer v. Wm. Wrigley Jr. Co.,* 755 F.2d 554, 557 (7th Cir.1985) (citing Currie, Federal Courts 447 (3d ed. 1982)).

12. This analysis is consistent with the choice of law analysis that the Hawaii Supreme Court advocates. *See Peters v. Peters,* 63 Haw. 653, 662–63, 634 P.2d 586 (1981).

13. Contacts in themselves are not dispositi·e of which state has the more important interest in having its law applied. The contacts must

themselves have some connection with the state's interest in having its law applied. *Cf.* R. Leflar, *American Conflicts Law* § 131 (3d ed. 1977) (fundamental policy factors identified as choice-influencing considerations deemed to underlie all choice of law decisions). The factors Professor Leflar considers fundamental are: (1) predictability of result, (2) maintenance of interstate order, (3) simplification of the judicial task, (4) advancement of the forum governmental interests, and (5) application of the better rule of law. *Id.* §§ 103–107.

in the Court's mind is that plaintiff UFA filed this action in Hawaii, not Guam, when either forum was available. The plaintiff does not address this point in its papers, nor could its counsel explain this in oral argument.

Guam's interest in promoting the policies underlying its longer limitations statute, arguably more plaintiff oriented, is attenuated, because UFA did not file this action in Guam and thereby avail itself of the Guam statute. Similarly, Guam's interest in protecting a plaintiff who voluntarily chose Hawaii as a forum is attenuated.

■ Hawaii, conversely, has a recognizable interest in having its statute applied, whose shorter limitations period arguably protects defendants and courts from stale claims. *Cf. Tomlin v. Boeing*, 650 F.2d 1065, 1070 (9th Cir.1981) ("The purpose of a statute of limitation is to protect courts and defendants. By barring stale claims, such statutes conserve judicial resources and provide repose to defendants.") (diversity case) (citations omitted). The Court determines that based on the above choice of law principles the limitations period should be provided by Hawaii law. In 1981, the Court has ruled that Haw.Rev.Stat. § 657–11 is applied to actions brought under the RLA. *Hafer*, 525 F.Supp. at 877.

As discussed below, the Court follows *Hafer* (whose position was confirmed in *Aloha Airlines*) and recognizes Haw.Rev. Stat. § 657–11 as the most analogous state limitations period. This will remove the plaintiff's prejudice argument. The plaintiff filed this RLA action more than one year after the operative events giving rise to the action occurred. This is not disputed. Thus, the plaintiff suffered no prejudice by having the defendant raise the statute of limitations defense by motion and not in its answer.

■ Because *Hafer* (and *Aloha Airlines*) has established Haw.Rev.Stat. § 657–11 as the applicable limitations period for NLA actions, this dispenses with several of the plaintiff's other arguments.

The plaintiff, however, attempts to nullify the effect of *Hafer*. The plaintiff argues that the Ninth Circuit has declared that Haw.Rev.Stat. § 657–11 does not apply to federal statutes such as the RLA because it preceded the enactment of the Hawaii statute, citing *Lai v. City and County of Honolulu*, 749 F.2d 588. In *Lai*, the Ninth Circuit refused to apply Haw.Rev.Stat. § 657–11 to a § 1983 civil rights suit because the Hawaii statute was enacted after the federal statute. The plaintiff also argues that this Court has declared Haw.Rev. Stat. § 657–11 unconstitutional as applied to federal causes of action, citing *Matthewman v. Akahane*, 574 F.Supp. 1510 (D.Hawaii 1983).

The Court since *Matthewman*, however, has reconciled *Matthewman* with the Ninth Circuit opinion *Aloha Airlines*. In *Aloha Airlines*, the Ninth Circuit applied Haw. Rev.Stat. § 657–11 as the statute for RLA actions, which obviously conflicts with *Matthewman*. Moreover, *Aloha Airlines* also conflicts with *Lai*, because the pertinent sections of the RLA in *Aloha Airlines* were enacted before Haw.Rev.Stat. § 657–11. See discussion in *McCarthy v. Pacific Loan, Inc.*, 629 F.Supp. 1102, 1106–07 (D.Hawaii) (Pence, J.), *appeal dismissed*, 789 F.2d 921 (9th Cir.1986). Judge Pence reconciled *Lai* and *Aloha Airlines* by reasoning that the *Lai* and *Aloha Airlines* panels had different objectives. The *Lai* panel was concerned with the "strong federal interests in a limitations period 'sufficiently generous ... to preserve the remedial spirit of federal civil rights actions.'" *McCarthy*, 629 F.Supp. at 1106–07 (quoting *Lai*, 749 F.2d at 595). The *Aloha Airlines* panel followed the rationale of *Delcostello v. International Bhd. of Teamsters*, 462 U.S. 151–71, 103 S.Ct. 2281–2294, 76 L.Ed.2d 476 (1983), which espoused the view that lengthy state limitations periods would frustrate "the relatively rapid final resolution of labor disputes favored by federal law." *McCarthy*, 629 F.Supp. at 1107 (citing *Aloha Airlines*, 781 F.2d at 1406).[14]

**14.** In *McCarthy*, the Court cites the Ninth's Circuit's earlier version of *Aloha Airlines*, 781 F.2d

1400, which was superceded by a later version, 790 F.2d 727. For purposes of the analysis in

The next argument the plaintiff raises is that the Court must not retroactively apply a shorter statute of limitations to bar a suit that was timely when filed. The plaintiff argues that the imposition of *Matthewman* between *Hafer* and *Aloha Airlines*, both of which recognized Haw.Rev.Stat. § 657–11 as the applicable statute for RLA actions, supports the plaintiff's argument that the statute of limitations at the time the suit was filed was the six-year catch-all statute Haw.Rev.Stat. § 657–1(4). (Recall that this action was brought in 1985). In *Aloha Airlines*, however, the Ninth Circuit did not even mention *Matthewman* (1983) or *Lai* (1984) as being relevant to the applicable limitations period for RLA actions. The Court therefore considers this omission as indicating that *Lai* and *Matthewman* did not disturb the law established by *Hafer* (1981) and restated in *Aloha Airlines* (1986) that Haw.Rev.Stat. § 657–11 provided the applicable limitations period for RLA actions. *Aloha Airlines*, 790 F.2d at 737; *see also* discussion in *McCarthy*, 629 F.Supp. at 1106–07.

██ The only remaining argument plaintiff apparently has is that the defendant has waived his right to assert the statute of limitations defense. The Ninth Circuit, however, has stated:

> Ordinarily affirmative defenses may not be raised by motion to dismiss, C. Wright, & A. Miller, *Federal Practice and Procedure*, § 1277, at 328–30, but this is not true when, as here, the defense raises no disputed issues of fact. *Id.* at 332.

*Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984).

*See also* 5 C. Wright, & A. Miller, *Federal Practice and Procedure*, § 1277, at 79 (Supp.1987) ("[C]ourts that allow the adjudication of affirmative defenses on a motion to dismiss or for judgment on the pleadings are converting these motions into summary judgment motions and normally

will give all the parties the opportunity provided by Rule 56 to present pertinent evidentiary material to the court.") (citation omitted).[15] As stated at the outset of the discussion, there are no genuine issues of material facts in this matter. Accordingly, the Court disregards this argument by plaintiff and considers the defendant's statute of limitations defense raised in its motion for summary judgment.

### III. CONCLUSION.

The Court determines that under federal common law choice of law rules Hawaii provides the applicable limitations period for this RLA action. The Court follows *Hafer* and *Aloha Airlines* in determining that the applicable Hawaii limitations period is the one-year period of Haw.Rev.Stat. § 657–11. The Court therefore GRANTS the defendant's motion for partial summary judgment. The scope of this ruling applies to the events set out in paragraphs 11(b) and 11(c) of plaintiff UFA's complaint that occurred more than one year before the plaintiff filed this action.

It is so ordered.

---

*McCarthy* or this motion, the difference between the two versions of *Aloha Airlines* is insignificant.

**15.** Magistrate Cocklin stated that his "ruling is without prejudice to any proper attempt by defendant to raise its limitations defense by motion or otherwise." Order Denying Defendant's Motion to Amend Answer, at 7 (citations omitted).