**Geither HORN, Appellant,**

v.

**N. J. BAILIE, Arthur Greenwood, Marvin Carnahan, and The United States Fidelity & Guaranty Company, a corporation, Appellees.**

No. 17731.

United States Court of Appeals Ninth Circuit.

Oct. 11, 1962.

David J. Danelski, Stuart K. Nielsen, and Maurice Kadish, Seattle, Wash., for appellant.

Peterson, Taylor & Day, and Stanley D. Taylor, Pasco, Wash., for appellees.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

The question in this civil rights action is simply whether under Washington law the statute of limitations has been tolled. The district court held that it had not and that the statute barred recovery. The action was dismissed. We conclude that this was error.

**168**

It is alleged that appellees, defendants below, are police officers who coerced appellant by trickery into confessing the commission of a murder in 1935, which murder he had not in fact committed. Appellant was tried, found guilty and sentenced to life imprisonment. He remained in prison at Walla Walla, Washington, until July 20, 1959, when he was released by writ of habeas corpus on order of the United States District Court for the Western District of Washington. On July 21, 1961, appellant brought this action for damages resulting from alleged violation of his constitutional rights.

 The Civil Rights Act has provided no statute of limitations and accordingly state law is used. Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. Under Washington law the statute permits three years for the bringing of such an action as this. The action was brought within three years from appellant's discharge from prison and the question is whether the statute was tolled during his imprisonment.

Washington law provides, R.C.W. 4.-16.190:

"Statute tolled by personal disability. If a person entitled to bring an action mentioned in this chapter * * * be at the time the cause of action accrued either under the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of action."

Appellee contends and the district court ruled that since appellant had been imprisoned "in execution under the sentence of a court" for life, the statute was not tolled.

Appellant contends that since by the determination of the federal district court in habeas corpus, the sentencing court had been without jurisdiction, the sentence was void; that his imprisonment therefore was not in execution of a sentence but was "on a criminal charge" and that the statute was tolled.

With this we agree.

Appellee protests that the sentence was not void on its face but, under the general rules relating to judgments, was only voidable; that until that sentence was set aside by court action it remained valid and enforceable.

In our view, such distinctions are inappropriate here. Whether its invalidity appeared on its face or not, it is now well recognized that a sentence obtained through violation of constitutional rights is a nullity. See Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Reversed and remanded with instructions that the judgment of dismissal be set aside and for further proceedings.