704 F.2d 1141
 113 L.R.R.M. (BNA) 2256, 97 Lab.Cas. P 10,084
 C.J. TROTTER, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL
13; L.L. Loveridge; and Raoul Olvera,
Defendants-Appellees.
 No. 81-5372.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1982.
Decided April 28, 1983.
 
 Clarence Lowe, Jr., Los Angeles, Cal., for plaintiff-appellant.
 George B. Shibley, Long Beach, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, Chief Judge, TANG and FARRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Trotter brings this class action against his union, Local 13, for an alleged violation of the Labor Management Reporting and Disclosure Act (the Act), 29 U.S.C. Sec. 411(a)(3).[1] The district court held the action barred by the statute of limitations. We affirm.
 
 
 2
 Under a collective bargaining agreement with the Pacific Maritime Association (PMA), the International Longshoremen's and Warehousemen's Union (ILWU), which includes Local 13, obtained complete health insurance coverage for its members and their dependents through the Kaiser Health Plan. PMA made payments to the PMA-ILWU Welfare Fund, which in turn made payments to the Kaiser Foundation Hospitals and the Permanente Medical Groups.
 
 
 3
 On July 1, 1971, ILWU called a strike against PMA. PMA ceased payments into the PMA-ILWU Welfare Fund. To continue medical coverage for its members, ILWU paid the health insurance premiums for the duration of the strike. At the end of the strike an assessment of $53.41, later reduced to $42.41, was made upon each ILWU member to reimburse ILWU for the payments made.
 
 
 4
 Trotter paid $15.00 of the assessment but refused to pay the balance of $27.41. The union recovered a judgment in small claims court for the sum of $27.41. The Superior Court of California reversed the judgment.
 
 
 5
 Trotter filed this action asserting, inter alia, that the 1972 medical assessment violated 29 U.S.C. Sec. 411(a)(3) because it was levied without a vote by the membership. The district court granted the union's motion for summary judgment on the ground that suit was barred by the applicable statute of limitations.
 
 
 6
 The district court held that the statute of limitations began to run in April 1972 when Trotter learned of the medical assessment, and in no event later than April 1973 when Trotter's spouse made three partial payments totalling $15; and that the three-year statute of limitations therefore lapsed well before this suit was filed on October 5, 1979.[2]
 
 
 7
 Although state law governs the limitations period in this case, federal law determines when the limitations period begins to run. Venegas v. Wagner, 704 F.2d 1144 (9th Cir.1983). The general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. Boag v. Chief of Police, 669 F.2d 587, 589 (9th Cir.1982); Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981); Briley v. California, 564 F.2d 849, 855 (9th Cir.1977). The injury of which Trotter complains is the levying of the medical assessment without compliance with section 411(a)(3). As the district court held, the statute of limitations therefore began to run when Trotter was advised of the assessment in April 1972 or in any event when Trotter's wife made a partial payment in April 1973.
 
 
 8
 Trotter argues the limitations period began to run anew in 1978 when the union attempted to collect the outstanding balance on the assessment in small claims court. Under California law, a "statute of limitations is suspended or tolled as to a defendant's then unbarred causes of action against the plaintiff arising out of the same transaction by the filing of the plaintiff's complaint." Electronic Equipment Express, Inc. v. Donald H. Seiler & Co., 122 Cal.App.3d 834, 176 Cal.Rptr. 239, 245 (1981) (emphasis in the original). The statute would have tolled only if Trotter's claim had been unbarred when the union filed suit. See Wells Fargo Bank v. Kincaid, 260 Cal.App.2d 120, 66 Cal.Rptr. 832, 835 (1968).
 
 
 9
 Trotter argues that under California law the union's collection suit is barred after four years, and therefore a holding that a suit challenging the assessment is barred after three years would leave union members defenseless to a collection suit filed in the fourth year. Trotter's fears are groundless. Under California law:
 
 
 10
 [i]f the answer pleads purely defensive matter, i.e., something which constitutes a defense to the plaintiff's claim without calling for affirmative relief, this defensive relief will not be barred by limitations. This is so even though the defensive matter could have been used as the basis of a cause of action for affirmative relief, and the statute has run on any such cause of action; it may still be used defensively.
 
 
 11
 2 B. Witkin, California Procedure Sec. 238 at 1096 (2d ed. 1970). See also Bull v. United States, 295 U.S. 247, 260-62, 55 S.Ct. 695, 699-700, 79 L.Ed. 1421 (1935).
 
 
 12
 It is clear from the record that Trotter challenged only the assessment. He did not argue in the district court, as he does in this court, that the collection suit itself constituted a violation of section 411(a)(3). We therefore do not reach that issue. Roberson v. United States, 382 F.2d 714, 718 (9th Cir.1967).
 
 
 13
 Trotter argues the district judge should have recused himself under 28 U.S.C. Sec. 455(a). Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 puts the judge under a self-enforcing obligation, although the statute may be invoked by a party. United States v. Conforte, 624 F.2d 869, 880 (9th Cir.1980).
 
 
 14
 Recusal is mandated under section 455 only if a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned. United States v. Winston, 613 F.2d 221, 222 (9th Cir.1980). Trotter challenges the district judge's impartiality on the grounds the application for preliminary injunction was denied without a hearing; the action was dismissed without an order to show cause or other prior notice; the pendent state claims were dismissed; and the motion to vacate the order striking his state claims was denied without a hearing. A reasonable person would not conclude that the judge's impartiality is put in question by the rulings of which Trotter complains. In any event, where prejudice is alleged, recusal is mandated only if the prejudice originates from an extrajudicial source, United States v. Sibla, 624 F.2d 864, 868-69 (9th Cir.1980), and none is alleged.
 
 
 15
 Local 13 asks for attorney fees and costs on appeal, but we do not find Trotter's claims "contrived, frivolous, unreasonable and without foundation." Tonti v. Petropoulous, 656 F.2d 212, 218 (6th Cir.1981).
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Section 411(a)(3) provides in part that
 no general or special assessment shall be levied upon such members [of a labor organization], except--(A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot ....
 
 
 [2]
 When Congress creates a right but fails to provide a limitations period, the appropriate statute of limitations of the forum state is applied. Venegas v. Wagner, 704 F.2d 1144 (9th Cir.1983). It is conceded that the applicable limitations period for "an action upon liability created by statute" is three years as prescribed by Cal.Civ.Proc.Code Sec. 338(1) (West 1982). Copitas v. Retail Clerks Int'l Ass'n, 618 F.2d 1370, 1373 (9th Cir.1980). Cf. Smith v. Cremins, 308 F.2d 187 (9th Cir.1962) (actions upon a liability created by statute must be brought within three years)