**DEUER MANUFACTURING, INC., Plaintiff,**

v.

**KENT PRODUCTS, INC., White Cloud Products, Inc., and Lake Manufacturing, Defendants.**

Civ. A. No. 87–CV–74583–DT.

United States District Court, E.D. Michigan, S.D.

April 28, 1989.

Kenneth J. McIntyre, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Deuer Mfg.

John A. Artz, Brooks & Kushman, Southfield, Mich., and Gerald E. McGlynn, Reising, Ethington, Barnard, Perry & Milton, Troy, Mich., for Kent Products Inc.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on defendants Kent Products, Inc., White Cloud Products, Inc., and Lake Manufacturing's [hereinafter defendants] motion for recusal and stay, filed March 1, 1989, and defendants' request for stay filed in conjunction with attorney Ralph R. Safford's appearance on February 24, 1989. Plaintiff Deuer Manufacturing, Inc. has filed separate responses to the motion for recusal and stay and the request for stay. The motion for recusal and stay shall be discussed first.

In their motion for recusal, defendants seek the following relief: (1) recusal of this judge; (2) stay of further proceedings in this matter pending a decision on the motion for recusal; (3) transfer of this case to another judge for further proceedings; and (4) a hearing pursuant to *Barksdale v. Emerick,* 853 F.2d 1359 (6th Cir.1988), should the motion for recusal be denied. Defendants base their motion for recusal upon 28 U.S.C. sec. 455(a) and (e).

Defendants specifically claim that this judge's actions in the present case demonstrate antipathy or bias toward Owen Perry, one of the defendants' attorneys. Notably, the Court disciplined Mr. Perry in this case due to certain actions taken by Mr. Perry in violation of a court protective order. The defendants suggest that, based on the actions taken by this judge during the course of this case, he should disqualify himself pursuant to 28 U.S.C. sec. 455(a). That section requires judges to disqualify themselves from lawsuits when their impartiality might reasonably be questioned. Further, the defendants argue that this judge should disqualify himself from this case as he is involved in an adversary proceeding with their lead counsel. This argument is based upon the mandamus action brought in the Sixth Circuit Court of Appeals by defendants' lead counsel with regard to the sanctions imposed by this Court for violations of its order. Since counsel sought to overturn this judge's sanctions order, this judge was made a respondent to the mandamus action. It is contended by the defendants that this action placed their lead counsel and the present judge in an adversary relationship. For these reasons, the defendants ask this judge to recuse himself from further presiding in this case.

Deuer strongly opposes the defendants' motion, asserting that the defendants' motion for recusal does not present sufficient grounds for recusal. Deuer specifically claims that the defendants have failed to show any extrajudicial source of bias or prejudice by this judge as is required by the controlling authorities. Deuer also argues that no prejudice against the defendants or, for that matter, against its counsel, Owen Perry, has been shown by the defendants. On these bases, Deuer argues that the defendants' motion for recusal and stay should be denied.

The statute cited in support of the defendants' motion is 28 U.S.C. sec. 455(a) and (e):

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

\*     \*     \*     \*     \*     \*

(e) No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

■■ Under sec. 455(a), a judge must recuse himself when there is even the appearance of judicial bias. *Anderson v. Sheppard,* 856 F.2d 741, 746 (6th Cir.1988). The alleged bias or prejudice on the part of

the judge must be personal, that is, directed against a party. *In re Cooper*, 821 F.2d 833 (1st Cir.1987); *United States v. Kelley*, 712 F.2d 884 (1st Cir.1982). Additionally, the legal standard to be applied under sec. 455 is a reasonable man standard. When a motion is brought under sec. 455, the standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality toward a party might reasonably be questioned. *Trotter v. International Longshoremen's and Warehousemen's Union*, 704 F.2d 1141 (9th Cir.1983); *United States v. Greenough*, 782 F.2d 1556 (11th Cir.1986). Further, under sec. 455, there is as much obligation for the judge *not* to recuse himself when the circumstances demonstrate that there is no occasion to do so as there is for him to recuse himself when there is reason to do so. *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir.1968).

■ Other characteristics of sec. 455 have been set down in the case law. "[S]ection 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir.1983). However, even though sec. 455 is self-enforcing, it may also be asserted as a basis of a motion for recusal by a party to an action. *In re Manoa Finance Co.*, 781 F.2d 1370 (9th Cir.1986); *Davis v. Board of School Commissioners*, 517 F.2d 1044 (5th Cir.1975). Thus, defendants may bring a sec. 455 motion.

■ A further requirement of motions for recusal is that they must be timely made. Sec. 455 requires that a party raise the issue of disqualification of the judge at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification. *United States v. Patrick*, 542 F.2d 381 (7th Cir.1976); *United States v. Conforte*, 457 F.Supp. 641 (D.Nev.1978). Notably, one case found that a motion for recusal filed weeks after the conclusion of trial was presumptively untimely absent a showing of good cause for the tardiness. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986). Timeliness is therefore clearly very important in bringing a motion for recusal.

Having examined the applicable law, the Court shall now apply that law to the present case.

■ As noted above, in a sec. 455 motion the movant must show that the alleged prejudice of the judge is personally directed toward a party. It is clearly established that the term "party" as used in sec. 455 does not include counsel as such. *Gilbert v. City of Little Rock*, 722 F.2d 1390 (8th Cir.1983). A controversy between a judge and an attorney for a party does not require disqualification of the judge in the absence of a showing of bias or personal prejudice *to the parties*. *Davis*, 517 F.2d at 1052; *cf. Matter of Yagman*, 796 F.2d 1165 (9th Cir.1986).

In the present case, the defendants explicitly "do not accuse the Court of actual bias." Rather, they suggest that a list of events occurring in the present case, all of which arose in a judicial context, demonstrate bias on this judge's part. Defendants additionally recite a motion for recusal made in another case in which present defendants' lead counsel is also an attorney.[1] Finally, defendants assert that only recusal will ensure that rulings made with regard to posttrial motions filed in this case are free of any untoward influence.

■ The Court finds the defendants' position to be without merit. First, the Court's actions which are set forth in the defendants' list of events are judicial in nature. These actions were taken in the course of judicial proceedings and do not demonstrate the requisite extrajudicial bias. Further, the Court's statements regarding Mr. Perry which are recited by the defendants also arose in a judicial context, having been made while the Court was ruling on the record in this case. Such

---

1. The other case cited by defendants is *Schreiber Manufacturing Co. v. Saft*, 704 F.Supp. 759 (E.D. Mich.1989). Plaintiff Schreiber was represented in that case by Mr. Perry. Notably, Schreiber's motion for recusal and other relief was denied by the Court's Memorandum Opinion and Order dated March 1, 1989.

judicial actions and statements are insufficient grounds for sec. 455 recusal. *Davis,* 517 F.2d at 1051. Defendants erroneously assert that statements made in the context of judicial proceedings in cases in which they were not involved are extrajudicial. Under these circumstances, the Court finds that a reasonable man would not conclude that its impartiality toward the defendants could reasonably be questioned. Therefore, recusal is not appropriate in the present case.

■ The Court also finds unpersuasive the defendants' arguments that it was in an adversary relationship with the defendants' lead counsel due to the mandamus proceedings in the Sixth Circuit. It is recognized that, even though a judge is named as the sole respondent in a mandamus action, the judge is at most only a nominal party with no real interest in the outcome when the purpose of the petition for mandamus is to obtain a determination on the intrinsic merits of a judicial act. *United States v. Haldeman,* 559 F.2d 31, 138 (D.C. Cir.1976); *Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, 525 n. 5, 107 S.Ct. 2542, 2546 n. 5, 96 L.Ed.2d 461, 472 n. 5 (1987); 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure* secs. 3932 and 3967 (1977 and Supp. 1988). In the present case, the purpose of the petition for mandamus was to obtain the Sixth Circuit's ruling on the merits of the sanctions order entered by this Court. Therefore, even though this judge was named as the sole respondent in the mandamus action, he is at best a nominal party with no real interest in the outcome of the mandamus proceeding. Accordingly, this judge was not in an adversarial relationship within the meaning of the recusal statutes.

■ Additionally, it is far from certain that the motion for recusal and stay is timely. Even though this Court took disciplinary action against defendants' lead counsel on December 23, 1988, the defendants waited until February 24, 1989 to file their request to stay proceedings and until March 1, 1989 to file their motion for recusal and stay. No explanation is given for the large gap in time between the date of the disciplinary proceeding and the motion for recusal. In fact, the defendants filed a motion for stay of the Court's sanctions order in the intervening time period. Such latency in filing a motion for recusal is clearly contrary to the spirit of sec. 455. For these reasons, the Court has serious reservations about the timeliness of the instant motion for recusal. Since good cause has not been shown for the lateness of the motion, the Court finds it to be presumptively untimely.

The defendants' motion for recusal having failed in all aspects, it shall be denied. Further, since the motion for recusal has failed, there are no grounds to stay further proceedings in this case, or to transfer the case to another judge for further proceedings. Those issues are moot and shall therefore be denied. Additionally, the Court finds the defendants' recitation of *Barksdale v. Emerick, supra,* to be without merit. In *Barksdale,* there was a basis to consider disqualification, as one defendant's son was a law clerk to the trial judge. 853 F.2d at 1362. In contrast, the instant case does not present such a basis for disqualification. The hearing contemplated under *Barksdale* and sec. 455(e) need not be held under the circumstances of this case. Thus, the denial of the defendants' recusal and stay motion extends to the "other grounds" set forth by the defendants in that motion as well.

For the same reasons given in the previous paragraph regarding the sought-after stay, defendants' February 24, 1989 request for stay must be denied as moot.

Accordingly,

IT IS HEREBY ORDERED that defendants Kent Products, Inc., White Cloud Products, Inc., and Lake Manufacturing's motion for recusal and stay is DENIED as to all grounds.

IT IS FURTHER ORDERED that defendants Kent Products, Inc., White Cloud Products, Inc., and Lake Manufacturing's request for stay, filed on February 24, 1989 in conjunction with attorney Ralph R. Safford's appearance, is DENIED as moot.

## ORDER

After careful consideration of defendants Kent Products, Inc., White Cloud Products,

Inc., and Lake Manufacturing's verified emergency motion to reconsider and vacate sanctions and suspension against counsel as not in compliance with due process and local rule A–5, filed December 22, 1988, and defendants' motion for stay or, in the alternative, to approve and set amount of supersedeas bond, filed January 11, 1989, the Court finds that those motions are rendered moot by the Sixth Circuit's issuance of a writ of mandamus by its March 13, 1989 Order and by this Court's Order of March 14, 1989. The motions shall therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that defendants Kent Products, Inc., White Cloud Products, Inc., and Lake Manufacturing's verified emergency motion to reconsider and vacate sanctions and suspension against counsel as not in compliance with due process and local rule A–5, filed December 22, 1988, is DENIED AS MOOT.

IT IS FURTHER ORDERED that defendants Kent Products, Inc., White Cloud Products, Inc., and Lake Manufacturing's motion for stay or, in the alternative, to approve and set amount of supersedeas bond, filed January 11, 1989, is DENIED AS MOOT.