**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Regald B. SMITH, Defendant–**
**Appellant.**

No. 01–5257.

United States Court of Appeals,
Sixth Circuit.

May 29, 2002.

---

* The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky sitting by designation.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

## OPINION

COLE, Circuit Judge.

Regald B. Smith appeals the district court's order sentencing him to restitution in the amount of $4,759,319 for fraudulently wire-transferring clients' funds into his personal brokerage account. He claims that restitution is improper because he is unable to pay. The United States argues that restitution is not only proper, but mandatory under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A.

It appears that one of the victims of the fraud was the district judge's secretary. We requested letter briefing from the parties on whether recusal of the district judge was required in this case. We now vacate the sentence and remand to the district court for consideration of the recusal issue.

Recusal of federal judges is governed by 28 U.S.C. § 455. In relevant part it reads:

Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The statute is self-executing. The judge must recuse himself, even in the absence of a party complaint, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Story,*

---

* The Honorable Jerome Farris, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

716 F.2d 1088, 1091 (6th Cir.1983) (quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1144 (9th Cir.1983)).

Recusal under § 455(a) may be waived by the parties. Section 455(e) permits a judge to accept waiver "provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e).

The presentence report indicates that the district judge's secretary was a victim. Beyond that fact, the record is insufficiently developed for us to determine whether the parties were offered full disclosure on the record of the basis for disqualification, and whether the parties waived the recusal requirement. Under such circumstances, we find the best course of action is to vacate the sentence and remand to the district judge to conduct "a hearing in which there is 'full disclosure on the record of the basis for disqualification'" and to "consider the waiver and recusal issues." *Barksdale v. Emerick,* 853 F.2d 1359, 1361–62 (6th Cir.1988); *see also Easley v. Univ. of Mich. Bd. of Regents,* 853 F.2d 1351, 1352 (6th Cir.1988).

**VACATED and REMANDED.**