Mark **DOGGETT** and Carol Doggett, and their marital community; John E. Doggett, a single person; Elizabeth Foster (F/K/A Elizabeth Doggett); Amber Doggett, a single person, Meghan Doggett, a minor, Plaintiffs,

v.

Robert Ricardo **PEREZ**, individually and in his official capacity; Kenneth C. Badgley, individually and in his official capacity; City of Wenatchee, a municipal corporation; Roy Fore, individually and in his official capacity; Chelan County, a municipal corporation, Defendants.

No. CS–02–282–AAM.

United States District Court, E.D. Washington.

Feb. 27, 2004.

---

Robert Craig Van Siclen, Tyler K. Firkins, Van Siclen Stocks & Firkins, Auburn, WA, for Plaintiffs.

Patrick G. McMahon, Carlson McMahon & Sealby PLLC, Wenatchee, WA, John Francis Kennedy, Law Office of John Francis Kennedy, Gig Harbor, WA, for Defendants.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT, IN PART

MCDONALD, Senior District Judge.

**BEFORE THE COURT** is the motion of defendants Perez, Badgley and City of Wenatchee for partial summary judgment (Ct.Rec.20).

Plaintiffs assert claims under 42 U.S.C. §§ 1983 and 1985 for violation of federal civil and constitutional rights. They also assert various state law claims for negligence, false arrest, false imprisonment, and intentional and/or negligent infliction of emotional distress. On the basis of applicable statutes of limitations, defendants seek summary judgment on all claims of plaintiffs Mark, Carol and John Doggett.

## I. FACTS

Mark and Carol Doggett were arrested on December 28, 1994 and charged with sexually abusing their children, including John Doggett, Amber Doggett, Elizabeth Doggett, and Meghan Doggett.

On April 28, 1995, Mark and Carol Doggett were each convicted by a Chelan County Superior Court jury of one count of rape of a child in the first degree and one count of complicity to commit child molestation in the first degree.

On June 23, 1995, Mark and Carol Doggett were each sentenced to a term of imprisonment of 85 months on the complicity count and a term of 130 months on the rape count.

On December 9, 1997, the convictions of Mark and Carol Doggett were reversed by the Washington Court of Appeals, Division III, and their cases remanded to Chelan County Superior Court for retrial.

The Chelan County Prosecutor moved for reconsideration and the court of ap-

peals denied that motion in an order filed January 27, 1998.

The Chelan County Prosecutor then filed a petition for review before the Washington Supreme Court. The supreme court granted the petition in an order filed October 2, 1998, and remanded the matter to the court of appeals for further reconsideration in light of new caselaw.

On September 14, 1999, the court of appeals issued a modified opinion, but which still adhered to its earlier opinion reversing the Doggetts' convictions and remanding their cases for retrial.

The Chelan County Prosecutor then filed a petition for review of the court of appeals' modified opinion. On April 6, 2000, the state supreme court denied the petition.

Subsequently, the court of appeals issued a mandate on April 20, 2000, certifying that its opinion filed on September 14, 1999 became the "decision terminating review by this court . . . on *April 6, 2000.*" (Emphasis in original). The mandate specified the causes were being remanded to Chelan County Superior Court for further proceedings in accordance with the September 14, 1999 opinion.

Following issuance of the mandate, the Chelan County Superior Court dismissed all of the charges against the Doggetts.

On August 6, 2002, plaintiffs, including Mark, Carol and John Doggett, filed a complaint with this court containing the aforementioned federal and state law claims. This complaint was assigned cause number CS–02–262–FVS. On August 22, 2002, plaintiffs filed an identical complaint with this court. This second complaint was assigned the cause number set forth in the caption above, that being CS–02–282–AAM. CS–02–262–FVS was subsequently closed and this matter has since proceeded under cause number CS–02–282–AAM.

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.,* 521 F.2d 1129 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). Under Fed. R.Civ.P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Semegen v. Weidner,* 780 F.2d 727, 732 (9th Cir.1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other ele-

ments of the claim. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## III. DISCUSSION

### A. Statute of Limitations Re § 1983 Claims

■ Washington's three year personal injury statute of limitations, RCW 4.16.080(2), applies in § 1983 actions. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981). As a general rule, state law tolling provisions also apply to § 1983 actions. *Harding v. Galceran*, 889 F.2d 906, 909 (9th Cir.1989). RCW 4.16.190 states:

If a person entitled to bring an action mentioned in this chapter ... be at the time of the cause of action accrued either under the age of eighteen years, or incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings, ... or imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be part of the time limited for commencement of the action.

■ Although state law provides the applicable statute of limitations and tolling provisions for a § 1983 action, federal law determines when the action accrues. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir.1998). When allowing recovery of damages would necessarily imply the invalidity of a conviction or sentence, a § 1983 plaintiff must demonstrate that his or her conviction has been reversed, vacated, or otherwise called into doubt before he or she can proceed under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A § 1983 action "does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90, 114 S.Ct. 2364. If a § 1983 action for damages will not demonstrate the invalidity of the conviction or sentence, the claim accrues at the time of the event in issue, and the action should be allowed to proceed in the ab-

sence of any other bar to the suit. *Id.* at 487, 114 S.Ct. 2364. Under federal law, a cause of action generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir.1983).

### 1. Mark and Carol Doggett

Defendants submit the § 1983 claims of Mark and Carol Doggett accrued on December 9, 1997, the date their criminal convictions were reversed by the Washington Court of Appeals, and therefore, their complaint filed on August 6, 2002, almost five years later, is untimely.

■ In *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000), the Ninth Circuit extended *Heck* to circumstances in which criminal charges are pending, holding that "a claim, that if successful would necessarily imply the invalidity of a conviction in a criminal prosecution, does not accrue so long as the **potential** for a conviction in the pending criminal prosecution continues to exist." (Emphasis added). The potential for a conviction of Mark and Carol Doggett remained until the charges against them were dismissed by the Chelan County Superior Court sometime after April 6, 2000, following the issuance of the mandate by the court of appeals certifying that its opinion filed on September 14, 1999 became the "decision terminating review by this court ... on *April 6, 2000.*" (Emphasis in original). Accordingly, their § 1983 claims did not accrue until sometime after April 6, 2000 and therefore, those claims contained in the complaint filed August 2002 are within the three year statute of limitations and are timely.

*Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001), cited by defendants, is of no avail to them. In *Clay*, the § 1983 plaintiff's criminal conviction for aggravated assault was

reversed by the Mississippi Supreme Court which ordered a retrial. The Fifth Circuit observed it had previously held that a criminal defendant may initiate a § 1983 suit if the state court has merely reversed the conviction and "it does not necessarily matter if the defendant faces a pending criminal charge on retrial." *Id.* at 681, citing *Davis v. Zain*, 79 F.3d 18 (5th Cir.1996). In a footnote, however, the Fifth Circuit acknowledged that other circuits, including the Ninth Circuit, have held that a § 1983 action accrues only when the conviction is outright dismissed without an order for retrial. *Id.*, at 681 n. 1, citing *Harvey v. Waldron*, among others.

The Fifth Circuit noted that in reversing plaintiff Clay's conviction, the Mississippi Supreme Court had clearly ruled in his favor on the claim that the trial court erred in setting excessive bail and thus, on that matter, there could be no future conflict between his § 1983 suit and any potential future conviction. Furthermore, while the state supreme court had not addressed the plaintiff's other allegations, those other allegations would not have conflicted with any potential conviction on retrial. *Id.* at 682. According to the Fifth Circuit:

> Put another way, even if the district court ruled in the § 1983 suit that [defendants] had violated Clay's constitutional right—by tampering with trial records, handpicking the jury in the first trial, setting an excessive bail, etc.—it would not undermine any potential conviction in the retrial, because that conviction would not likely be based on the alleged misconduct of [defendants].

*Id.*

The same is not true in the case at bar. Defendants do not dispute that successful § 1983 claims by Mark and Carol Doggett for deliberate fabrication of evidence by the defendants would have implied the invalidity of any potential future convictions for child rape and molestation.[1]

## 2. John Doggett

██ The § 1983 claims of John Doggett are not specified with particularity in plaintiffs' complaint. As best the court can discern, however, it appears his § 1983 claims arise from his removal from his aunt's home, his placement in the custody of Child Protective Services (CPS), and his interrogation by defendant Perez in December 1994. John Doggett alleges Perez coerced him into making false allegations of sexual abuse against his parents. He further alleges that it was only because of threats by Perez that he testified against his parents at their trial in April 1995. (Complaint at pp. 15–18).

Unlike his parents, John Doggett was neither charged with or convicted of any offenses in connection with defendants' investigation. The court is not aware of any authority holding that the success of a plaintiff's § 1983 claim which would imply the invalidity of a criminal conviction of **a person other than the plaintiff** prohibits the plaintiff from proceeding on his own § 1983 claims. In any event, John Doggett makes no argument that the success of his § 1983 claims would have implied the invalidity of convictions of his parents

---

1. The plaintiffs assert violations of their First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. (Complaint filed in CS–02–282–AAM at p. 2). In the case of Mark and Carol Doggett, it appears their constitutional claims boil down to deliberate fabrica- tion of evidence against them by defendants resulting in their unlawful seizure and convictions, violation of their due process rights to confrontation of witnesses and against self-incrimination, and violation of their rights to familial association.

for child rape and molestation. Mark and Carol Doggett were convicted only of the charges involving their daughter Meghan. At their trial, the evidence presented against them included not only the testimony of John Doggett, but also statements made by Meghan. *State of Washington v. Carol M.D.*, 89 Wash.App. 77, 83, 948 P.2d 837 (1997).

Accordingly, John Doggett's § 1983 claims accrued no later than April 1995. Born September 12, 1980, John Doggett was 14 years old at the time he was removed from his aunt's home, interrogated by Perez, and testified at his parents' trial. As such, the three year statute of limitations on his § 1983 claims was tolled until he reached the age of majority on September 12, 1998. RCW 4.16.190. The three year period commenced at that time and expired on September 12, 2001. Therefore, his § 1983 claims contained in the complaint filed August 6, 2002, are time-barred.

## B. Statute of Limitations Re State Law Claims

As noted above, RCW 4.16.080(2) provides a three year limitations period for personal injury actions. RCW 4.16.100(1) provides a two year limitations period for an action for false imprisonment and for false arrest. *Heckart v. City of Yakima*, 42 Wash.App. 38, 39, 708 P.2d 407 (1985). State law determines when a state law action accrues. Under Washington law, the general rule in ordinary personal injury actions is that a cause of action accrues at the time the act or omission occurs and the plaintiff has the right to seek relief in the courts. The right to apply for relief arises when the plaintiff can establish each element of a cause of action. *Hudson v. Condon*, 101 Wash.App. 866, 874, 6 P.3d 615 (2000), citing *Haslund v. City of Seattle*, 86 Wash.2d 607, 619, 547 P.2d 1221 (1976). The exception is the "discovery rule" which states that with regard to certain torts, the injured parties do not, or cannot, know they have been injured and as such, their cause of action accrues when they knew or should have known all of the essential elements of the cause of action. *Estates of Hibbard*, 118 Wash.2d 737, 744–45, 826 P.2d 690 (1992).

### 1. Mark and Carol Doggett

Defendants seemingly allege the state law claims of Mark and Carol Doggett accrued either on December 28, 1994 (date of arrest) or April 28, 1995 (date of conviction) and were tolled until June 23, 1995 (date of sentencing), pursuant to RCW 4.16.190. Therefore, according to defendants, the two year limitations period for false imprisonment and false arrest claims expired on June 23, 1997, and the three year limitations period on the other state law claims expired on June 23, 1998.

Plaintiffs contend their claims did not accrue until their convictions were invalidated in April 2000. For that proposition, plaintiffs cite a case from Minnesota, *Noske v. Friedberg*, 656 N.W.2d 409 (Minn. App.2003), and a case from Florida, *Steele v. Kehoe*, 747 So.2d 931 (Fla.1999). *Noske* was a legal malpractice action brought by a criminal defendant against his defense counsel. The Minnesota Court of Appeals concluded that although the plaintiff suffered some harm upon his conviction in 1990, the conviction remained legal until vacated in 1999 and before that time, did not amount to harm sufficient to sustain a cause of action for legal malpractice. Therefore, plaintiff's cause of action did not accrue until 1999 and his complaint was timely filed within the six year limitations period. Among the cases cited by the Minnesota Court of Appeals in support of its holding was *Steele* and *Falkner v. Foshaug*, 108 Wash.App. 113, 29 P.3d 771 (2001). In *Steele*, the Florida Supreme

Court held that a convicted criminal defendant must obtain appellate or postconviction relief as a precondition to maintaining a legal malpractice action against defense counsel. As such, the statute of limitations on such an action does not commence until the defendant has obtained final appellate or postconviction relief. 747 So.2d at 933. In *Falkner*, the Washington Court of Appeals held that "both a successful postconviction challenge and proof of innocence are necessary to maintain a criminal malpractice claim." 108 Wash.App. at 118, 29 P.3d 771.

Mark and Carol Doggett are not asserting criminal malpractice claims which in the State of Washington are legally precluded in the absence of successful postconviction relief and proof of innocence. Criminal malpractice claims are unique. Unlike other tort claims which may arise from a conviction, criminal malpractice claims do not merely imply the invalidity of a conviction. Criminal malpractice claims explicitly assert a conviction is invalid because of the errors of defense counsel. It is "inappropriate to treat victims of alleged negligence by defense counsel as having been 'harmed,' for the purpose of maintaining a legal malpractice action ... unless they show that their counsel failed to meet the established standards in a way that would make postconviction relief appropriate." *Falkner*, 108

Wash.App. at 118, 29 P.3d 771, quoting *Stevens v. Bispham*, 316 Or. 221, 851 P.2d 556, 562 (1993). There is no authority in Washington which extends *Falkner's* holding (successful postconviction relief as predicate) to other types of tort claims which may arise from a criminal conviction.[2] Nor has Washington adopted the federal *Heck* rule for determining accrual of state law claims. *Gausvik v. Perez*, 239 F.Supp.2d 1067, 1105 (E.D.Wash.2002), and 239 F.Supp.2d 1108, 1123 (E.D.Wash. 2002).[3]

Therefore, this court must conclude that some of the state law claims of Mark and Carol Doggett accrued on December 28, 1994 (date of arrest) while others accrued on April 28, 1995 (date of conviction). On those dates, they suffered injuries of which they were aware (arrest, imprisonment and convictions), and which were proximately caused by what they assert were negligent and/or intentionally tortious acts and/or omissions of the defendants. As of those dates, the plaintiffs had the right to seek relief on their state law causes of action since they could potentially establish each element of those causes.[4] As of those dates, the plaintiffs were not legally precluded from filing and pursuing their state law causes of action, even though it was possible, and perhaps even probable, that a stay of those causes would have

---

**2.** It is noted that the statute of limitations was not an issue in *Falkner*. In *Falkner*, the plaintiff was convicted in 1993 for murder. In 1996, he brought a malpractice lawsuit against the attorney who had represented him during the criminal proceeding. This lawsuit was held in abeyance when in 1997, the Washington Court of Appeals reversed plaintiff's conviction for ineffective assistance of counsel and remanded for a new trial. The murder case went to trial for a second time in 1998, but did not go to jury because the plaintiff entered an *Alford* plea to a reduced charge of manslaughter. After this plea, the plaintiff renewed his civil malpractice suit.

108 Wash.App. at 116–117 and n. 5, 29 P.3d 771.

**3.** The portion of this court's decision denying summary judgment to defendant Perez on qualified immunity grounds was reversed by the Ninth Circuit, *Gausvik v. Perez*, 345 F.3d 813 (9th Cir.2003), but the balance of the decision, including the statute of limitations analysis on § 1983 and state law claims, remains intact at this time.

**4.** Plaintiffs do not assert any reliance on the "discovery rule."

been imposed pending completion of post-conviction proceedings. See n. 2 *supra.*

While plaintiffs contend this "two-track" approach is contrary to fairness and judicial economy, such an approach is employed in a number of jurisdictions, even with regard to criminal malpractice claims. An example is *Ereth v. Cascade County,* 318 Mont. 355, 81 P.3d 463, 469 (2003), where the Montana Supreme Court held:

The two-track approach recognizes that a criminal defendant who has initiated postconviction relief proceedings does have, or should have, sufficient knowledge of his or legal malpractice claim for statute of limitations purposes. Therefore, in order to put counsel on notice that he or she will have to defend against a malpractice claim, and thereby honor the policies underlying the statute of limitations, we hold that a criminal defendant must file a malpractice claim within three years of discovering the act, error or omission.

See also *Duncan v. Campbell,* 123 N.M. 181, 936 P.2d 863 (1997); *Seevers v. Potter,* 248 Neb. 621, 537 N.W.2d 505 (1995); *Gebhardt v. O'Rourke,* 444 Mich. 535, 510 N.W.2d 900 (1994); *Quick v. Swem,* 390 Pa.Super. 118, 568 A.2d 223 (1989); *Krahn v. Kinney,* 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989); *Bowman v. Doherty,* 235 Kan. 870, 686 P.2d 112 (1984); *Mylar v. Wilkinson,* 435 So.2d 1237 (Ala.1983); *McCord v. Bailey,* 636 F.2d 606 (D.C.Cir.1980); *Jepson v. Stubbs,* 555 S.W.2d 307 (Mo.1977).[5]

▌ Pursuant to RCW 4.16.190, as amended in 1993, the limitations periods on the Doggetts' state law causes of action were tolled while they were "imprisoned ... prior to sentencing." Therefore, although their causes of action accrued earli-er, the limitations periods did not commence until June 23, 1995, the date they were sentenced in Chelan County Superior Court.

Plaintiffs note that prior to 1993, RCW 4.16.190 provided that a limitations period was tolled while a person "was imprisoned on a criminal charge, **or in execution under the sentence of a court for a term less than his natural life** ...." (Emphasis added). Plaintiffs attack the current version of the statute as contrary to fairness and judicial economy because it forces prisoners to file lawsuits while incarcerated and before the "unlikely invalidation of their convictions." Plaintiffs assert the 1993 amendment has "confused the status of the law regarding tolling provisions and ... created a situation in which a plaintiff is denied any ability to maintain a cause of action, even when his conviction is vacated or invalidated because it was obtained through constitutionally violative means."

The 1993 amendment has not "confused the status of the law." As this court pointed out in *Gausvik,* "the present version of RCW 4.16.190 states plain and simple that the disability applies only to those 'imprisoned on a criminal charge prior to sentencing.'" 239 F.Supp.2d at 1125. Furthermore, it has not created a situation where a plaintiff is denied any ability to maintain a cause of action. As discussed above, a plaintiff who asserts a state law cause of action arising out of an arrest and/or conviction, other than a criminal malpractice cause of action, is not legally precluded from commencing his action, even though his conviction has yet to be invalidated. It may be that his cause of action will be stayed pending completion of postconviction proceedings, but while that may delay

---

5. Although there was a "two-track" approach in *Falkner,* the Washington courts have not indicated whether this should be the approach for all future criminal malpractice claims. It seems doubtful the Washington courts would sanction such an approach in light of *Falkner's* holding that successful postconviction relief is necessary to maintain a criminal malpractice claim.

the action, it certainly does not deny him any ability to maintain the action.

In *Gausvik,* this court discussed at length *Horn v. Bailie,* 309 F.2d 167 (9th Cir.1962). In *Horn,* the plaintiff brought a § 1983 civil rights action alleging the defendant police officers tricked him into confessing to a murder in 1935 which he did not commit. The plaintiff was convicted and sentenced to life imprisonment. In July 1959, he was released from prison by a writ of habeas corpus and in July 1961, he commenced his civil rights action for damages from alleged violation of his constitutional rights. The Ninth Circuit observed that Washington state law provided the applicable statute of limitations which was three years. While plaintiff's civil rights action was brought within three years from his discharge from prison, the question was whether the statute had been tolled during his imprisonment. Citing the pre–1993 version of RCW 4.16.190, the defendants argued that since the plaintiff had been imprisoned "in execution under the sentence of court" for a term of life imprisonment, and not "for a term less than his natural life," the statute of limitations was not tolled. The Ninth Circuit disagreed, finding that since the sentencing court had been without jurisdiction, the sentence was void and plaintiff's imprisonment was not in execution of a sentence, but was "on a criminal charge" and therefore, the statute of limitations was tolled. *Id.* at 168. The defendants argued the sentence was not void on its face but merely voidable and that until the sentence was set aside by court action, it remained valid and enforceable. The circuit found such a distinction "inappropriate" because "[w]hether its invalidity appeared on its face or not, it is now well recognized that a sentence obtained through violation of constitutional rights is a nullity." *Id.*

Based on *Horn,* plaintiffs contend the amendment of RCW 4.16.190 in 1993 is irrelevant and they are entitled to tolling based on the current version of the statute because their criminal sentences were vacated due to constitutional violations, rendering their sentences a nullity. In other words, plaintiffs contend they are entitled to tolling of all periods of their imprisonment from December 28, 1994 through the dismissal of the criminal charges against them sometime after April 6, 2002. During those periods, plaintiffs say they were "imprisoned on a criminal charge prior to sentencing" because the sentences imposed in June 1995 were a nullity.

■ Plaintiffs' convictions and sentences were not vacated because of violations of their constitutional rights. They were vacated because of violation of the Washington Rules of Evidence. The trial court erred in admitting Meghan Doggett's hearsay testimony without proper foundation. *State v. Carol M.D.,* 89 Wash.App. at 88, 948 P.2d 837. Furthermore, plaintiffs were released from imprisonment on June 10, 1998, pending resolution of their criminal appeals. (Declaration of Carol Doggett and exhibits attached thereto). Assuming the reasoning in *Horn* applies to plaintiffs under the current version of RCW 4.16.190, and assuming plaintiffs were continuously imprisoned from December 28, 1994 through June 10, 1998, tolling would have ceased on June 10, 1998, and the limitations periods would have commenced on that date. Causes of action governed by the two year limitations period would have needed to be commenced by June 10, 2000, and causes governed by the three year limitations period would have needed to be commenced by June 10, 2001. Plaintiffs' complaint was not filed until August 6, 2002. Therefore, even giving plaintiffs the benefit of *Horn,* their state law causes of action are time-barred.

Finally, plaintiffs attack the current version of RCW 4.16.190 on equal protection grounds under the federal and state con-

stitutions. This court has already addressed that argument at length in *Gausvik*, 239 F.Supp.2d at 1123–25, and the plaintiffs here offer nothing new to persuade the court to change its mind that there is a rational basis for treating those imprisoned prior to sentencing differently from those imprisoned after sentencing.[6]

### 2. John Doggett

The analysis for John Doggett is not as complicated since he was never convicted and did not need to seek postconviction relief. Like his § 1983 claims, his state law claims accrued in April 1995. The limitations periods were tolled until September 12, 1998 when he reached the age of majority. RCW 4.16.190. The two year limitations period expired September 12, 2000, and the three year period expired September 12, 2001. Therefore, his state law claims contained in the complaint filed August 6, 2002, are time-barred.

### IV. CONCLUSION

Defendants' Motion for Partial Summary Judgment (Ct.Rec.20) is **GRANTED in part** and **DENIED in part**. It is **GRANTED** with respect to all of the § 1983, § 1985 and state law claims asserted by John Doggett. It is also granted with respect to all state law claims asserted by Mark and Carol Doggett. Defendants are awarded summary judgment on all of those claims. The motion is **DENIED** with respect to the § 1983 and § 1985 claims of Mark and Carol Doggett.

**IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies to counsel.

---

**6.** The court recognizes that plaintiffs are entitled to raise the equal protection argument in order to oppose defendants' summary judgment motion and to properly preserve the issue for appeal in their own case.